Kenneth M. Jones, Esq. (SBN 140358)
Jane N. Kespradit, Esq. (SBN 270124)
Bethany J. Peak, Esq. (SBN 298337)
**LIMNEXUS LLP**
707 Wilshire Boulevard, 46th Floor
Los Angeles, CA 90017
Tel: (213) 955-9500 | Fax: (213) 955-9511
Kenneth.Jones@LimNexus.com
Jane.Kespradit@LimNexus.com
Bethany.Peak@LimNexus.com
Attorneys for Defendants, Wal-Mart Associates, Inc. and Walmart Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LUZ GUZMAN, an individual, | Case No. 5:21-cv-01225 |
| Plaintiff, | **DECLARATION OF BETHANY J. PEAK IN SUPPORT OF DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S NOTICE OF REMOVAL** |
| vs. | |
| WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50, | |
| Defendants. | [28 U.S.C. §§ 1441 and 1446] |

## DECLARATION OF BETHANY J. PEAK

I, Bethany J. Peak, hereby declare:

1.      I am licensed and admitted to practice law in the State of California and before the United States District Court for the Central District of California.  I am an attorney at the law firm of LimNexus LLP and counsel of record for Defendants Walmart Inc. and Wal-Mart Associates, Inc. ("Defendants") in this action.  I have personal knowledge of the facts set forth in this declaration (except as to those facts set

forth on information on belief), and, if called as a witness, I could and would testify competently to the matters set forth herein, under oath.   All of the exhibits accompanying this declaration are true and correct copies from LimNexus LLP's files of the various documents in this matter that are identified below.

2.     On March 18, 2021, Plaintiff LUZ GUZMAN ("Plaintiff") commenced this action by filing a Complaint in the San Bernardino County Superior Court, entitled *LUZ GUZMAN vs. WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50 Inclusive*, and designated San Bernardino County Superior Court Case No. CIVSB2108753 ("Complaint").   The Complaint asserts the following causes of action: 1) Disability Discrimination in Violation of the FEHA; (2) Failure to Accommodate in Violation of the FEHA; (3) Failure to Engage in the Interactive Process in Violation of the FEHA; (4) Wrongful Termination in Violation of Public Policy. A true and correct copy of the documents served on Defendants are collectively attached hereto as **Exhibit 1**.

3.     On May 25, 2021, Defendants filed their Answer to the Complaint with the San Bernardino County Superior Court and served a copy of the Answer on Plaintiff.  A true and correct copy of Defendants' Answer is attached as **Exhibit 2**.

4.     All other pleadings and process that have been filed or received by Defendants in this action are attached collectively as **Exhibit 3**.

5.     To the best of my knowledge, as of today, no other parties have been named or served with the Summons and Complaint in this action.

6.     To the best of my knowledge, the documents attached hereto as Exhibits 1, 2 and 3 constitute all of the pleadings, process and orders that have been filed or received by Defendants in this action.  Moreover, to the best of my knowledge, no further process, pleadings, or orders related to this case have been filed with the San Bernardino County Superior Court or served by any party other than as described above.

7.      On May 26, 2021, Defendants served discovery on Plaintiff, which included Form Interrogatories-General, Set One.  These interrogatories ask, *inter alia*, whether Plaintiff attributes any physical, mental, emotional injuries, or loss of income to the events giving rise to this action; *Interrogatory No. 6.2* asks Plaintiff to describe each such injury; *Interrogatory No. 6.3* asks whether any such complaint is subsiding, remaining the same, or becoming worse; *Interrogatory No. 8.1* asks whether Plaintiff attributes any loss of income to the events giving rise to this action; and *Interrogatory Nos. 8.7 and 8.8* ask Plaintiff to state the total income lost to date and whether she will lose income in the future.  A true and correct copy of the Form Interrogatories-General, Set One, is attached hereto as **Exhibit 4**.

8.      On June 28, 2021, Defendants received Plaintiff's Responses to Form Interrogatories, Set One ("Plaintiff's Interrogatory Responses").  In those responses, Plaintiff stated she suffered and continues to suffer, "[d]epression, anxiety, generalized stress, panic, [and] insomnia" resulting from her alleged termination by Defendant.  As further relevant herein, Plaintiff stated that: (1) she has suffered a loss of income; (2) her loss of income to date is in excess of $16,488.00 as Plaintiff continues to remain unemployed since her termination; and (3) she is claiming at least $85,737.60 in lost future income, anticipating that she will lose "at least 2 years of income".  Accordingly, Plaintiff is claiming at least $102,225.00 in total lost income.  In addition, in her response to *Interrogatory No. 2.5*, Plaintiff identifies Pomona, California as her present city and state of residence.  A true and correct copy of relevant pages to Plaintiff's Interrogatory Responses, which have been redacted for privacy, are attached hereto as **Exhibit 5**.

9.      Defendants first ascertained that the amount in controversy exceeds $75,000, and therefore is an action which is removable, through receipt of Plaintiff's Interrogatory Responses on June 28, 2021.  Neither the Complaint nor any other pleading, process or order received by Defendants made evident that the amount in controversy exceeds $75,000.

10.     Defendants were at the time this action was filed (*i.e.*, March 18, 2021), and continue to be, corporations incorporated under the laws of the State of Delaware. Defendants' headquarters and corporate offices were at the time this action was filed, and continues to be, located in Bentonville, Arkansas, which is where its officers and directors perform the companies' executive and administrative functions.

11.     On July 6, 2021, I reviewed certain Form 8-K reports made by Defendants with the U.S. Securities and Exchange Commission ("SEC") on Defendants' website at   https://stock.walmart.com/investors/financial-information/sec-filings/default.aspx and   on   the   SEC's   website   at   https://www.sec.gov/cgi-bin/browse-edgar?CIK=WMT&Find=Search&owner=exclude&action=getcompany.   I reviewed the SEC Form 8-K report dated February 18, 2021, which pre-dated the filing of Plaintiff's Complaint by twenty-nine (29) days.  I also reviewed the most recent SEC Form 8-K report dated June 4, 2021.  Both reports identify Delaware as Defendants' state of incorporation and Bentonville, Arkansas, as Defendants' principal executive offices.  A true and correct copy of the SEC Form 8-K report dated June 4, 2021 is attached hereto as **Exhibit 6**.  A true and correct copy of the SEC Form 8-K report dated February 18, 2021 is attached hereto as **Exhibit 7**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 23, 2021, at Los Angeles, California.

*/s/ Bethany J. Peak*
Bethany J. Peak

# Exhibit 1

 **CT Corporation**

**Service of Process Transmittal**
04/27/2021
CT Log Number 539459559

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in California**

**FOR:** Wal-Mart Associates, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Guzman Luz, etc., Pltf. vs. Wal-Mart Associates, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), Notice(s), Attachment(s) |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA<br>Case # CIVSB2108753 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 02/09/2021 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/27/2021 at 13:19 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Young K. Park<br>Marlis Park, P.C.<br>3600 Wilshire Boulevard, Suite 1815<br>Los Angeles, CA 90010<br>323-922-2000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/28/2021, Expected Purge Date: 05/03/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**  Tue, Apr 27, 2021

**Server Name:**  Jimmy Lizama

Entity Served  WAL-MART ASSOCIATES, INC.

Agent Name  C T CORPORATION SYSTEM

Case Number  CIV SB 2108753

Jurisdiction  CA



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUZ GUZMAN, an individual;

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

APR 2 2 2021

By_____
LaSHONDRA RICHARDSON, DEPUTY

COPY

| |
|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below. |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Central Justice Center 247 W 3rd St, San Bernardino CA 92415 | **CASE NUMBER:** *(Número del Caso):* CIVSB 2 1 0 8 7 5 3 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Young Park; 3600 Wilshire Blvd., Suite 1815, Los Angeles CA 90010, 323-922-2000

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* APR 2 2 2021 | Clerk, by *(Secretario)* LaShondra Richardson | Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

Copy

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WAL-MART ASSOCIATES, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)　　☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)　　☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)　　☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

MARLIS PARK, P.C.
Young K. Park SB# 287589
  E-Mail: young@marlispark.com
Brent P. Marlis SB# 284654
  E-Mail: brent@marlispark.com
Emily J. Tripodi SB# 334054
  E-Mail: emily@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
LUZ GUZMAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LUZ GUZMAN, an individual; | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | (1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA |
| WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50, | (2) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA (3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA |
| Defendants. | (4) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |

Plaintiff LUZ GUZMAN (hereinafter "GUZMAN" or "Plaintiff") for her Complaint against Defendants WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50 (hereinafter "WAL-MART ASSOCIATES" "WALMART" and collectively "Defendants") alleges as follows:

## PARTIES

1. Plaintiff GUZMAN is an individual residing in the State of California. Plaintiff GUZMAN was an employee of Defendants at all relevant times herein mentioned.

2. On information and belief, WAL-MART ASSOCIATES is a Delaware corporation organized and existing under the laws of the State of Delaware and Plaintiff's employer at all relevant times herein mentioned.

3. On information and belief, WALMART is a Delaware corporation organized and existing under the laws of the State of Delaware and Plaintiff's employer at all relevant times herein mentioned.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendants, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendants as herein alleged.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

6. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

7. By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold individual defendant liable for the acts of his alter ego. Individual defendant held and now holds substantial interest in corporate defendants and should therefore be deemed to be corporate defendants' alter ego. Corporate defendants were, and now still are, mere shells and naked frameworks which individual defendant used, and now uses, as a conduit for the conduct of his personal business

1    and/or property affairs and/or obligor for the assumption of obligations and/or liabilities

2    incapable of performance by said corporate and/or entity defendants, which are the obligations

3    and liabilities of individual defendant.

4    8.  Plaintiff is informed and believes and thereon alleges that at all times material herein Defendant

5    employed and continues to employ five (5) or more persons in California and is an employer

6    covered by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

7    9.  Plaintiff has exhausted her administrative remedies. Plaintiff timely filed charges against

8    Defendant with the California Department of Fair Employment and Housing on March 17,

9    2021 and received a "Right-to-Sue" notice.

10   **VENUE AND JURISDICTION**

11   10. This Court has jurisdiction over this matter because Defendants conduct business in, and have

12   substantial contacts, within the State of California. Venue is proper in the County of San

13   Bernardino because Plaintiff performed work for Defendants in the County of San Bernardino.

14   **FACTUAL ALLEGATIONS**

15   11. GUZMAN started working for Defendants on or around November 10, 1999 and continued

16   working until she was unlawfully discharged on February 9, 2021.

17   12. GUZMAN was a Fresh 1 Supervisor and earned $20.61 per hour. Her job duties included

18   supervising associates, unloading trucks, rolling carts into various rooms, and working the sales

19   floor.

20   13. On or around December 5, 2018, GUZMAN was diagnosed with breast cancer.

21   14. On or around January 1, 2019, GUZMAN underwent her first surgery for breast cancer. During

22   the surgery, a port was placed in her left breast.

23   15. On or around January 14, 2019, GUZMAN began chemotherapy treatment for her breast

24   cancer. GUZMAN was scheduled to receive chemotherapy treatment for one year; she was

25   required to receive six rounds of five full doses of chemotherapy treatment.

26   16. On or around June 26, 2019, GUZMAN underwent a second surgery for breast cancer. During

27   the surgery, her right breast was removed and an expander was inserted in its place.

28   17. On or around July 10, 2019, GUZMAN underwent a third surgery for breast cancer.

- 3 -

COMPLAINT FOR DAMAGES

18. On or around August 22, 2019, GUZMAN began radiation treatment for her breast cancer. GUZMAN was scheduled to receive radiation treatment through September 26, 2019.

19. Due to her surgeries and illness, GUZMAN was unable to work from December 2018 through October 2019. GUZMAN believed that, once she could receive surgery to remove the expander in her right breast, she would be able to complete the manual labor required of her Fresh 1 Supervisor role.

20. In October 2019, GUZMAN told "Sarah" that she could come back to work with restrictions. To be sure, GUZMAN offered "Sarah" a note provided by GUZMAN's doctor that said she could return with restrictions, but notes that GUZMAN was still undergoing chemotherapy treatment every three weeks until January 2020. "Sarah" told GUZMAN not to worry about returning to work with restrictions at that time. Nevertheless, "Sarah" told GUZMAN she would speak with Defendants' third party administrator, Sedgwick, about whether GUZMAN could return to work with restrictions. GUZMAN did not hear back from "Sarah" or Sedgwick about GUZMAN's ability to return to work with restrictions.

21. On or around November or December 2019, Lincoln Financial Group, Defendants' disability insurance carrier, informed GUZMAN that she would be placed on disability. Lincoln Financial Group evaluated GUZMAN's status every sixty (60) days and paid her disability benefits bi-weekly from on or around November 2019 through present.

22. On or around June or July 2020, GUZMAN called "Sarah" after not hearing from Defendants for a few months. GUZMAN told "Sarah" that she was on long term disability through Lincoln Financial Group. GUZMAN also told "Sarah" that she was unable to receive her necessary surgeries—including to take out the expander currently in place of her right breast—due to the Coronavirus pandemic because all "non-essential" surgeries were placed on hold. GUZMAN also told "Sarah" that she did not want to lose her job. Sarah reassured GUZMAN that her job was secure and that GUZMAN could return to work when she was healthy.

23. Nervous about Defendants' lack of contact with her during her medical leave and hopeful about find an accommodation that would allow her to work while she awaited surgery, GUZMAN visited another Wal-Mart store and attempted to secure a customer service or an equivalent

1   position. GUZMAN believed a job that allowed her to complete non-manual labor would allow
2   her to return to work without injuring herself. However, after her visit to the store, GUZMAN
3   did not hear anything back.

4   24. On or around February 9, 2021, Defendants terminated GUZMAN's employment. GUZMAN
5   received a termination notice in the mail. The termination notice stated that GUZMAN
6   abandoned her job due to "[f]ailure to return from leave."

7   25. Defendants were aware that GUZMAN was disabled and unable to work. GUZMAN received
8   notes from her doctor placing her off work or on light duty, and GUZMAN always offered
9   these notes to Defendants. These notes spanned from roughly December 10, 2018 through
10  January 20, 2020. Plus, Defendants' third party administrator, Sedgwick, placed GUZMAN on
11  leave from December 10, 2018 through June 29, 2019. Not to mention, Lincoln Financial
12  Group, Defendants' disability insurance carrier, evaluated GUZMAN every sixty (60) days and
13  paid GUZMAN disability benefits from on or around November 2019 through present.

14  26. Defendants did not engage GUZMAN in the interactive process to determine an effective and
15  reasonable accommodation. Instead, Defendants simply and coldly terminated her employment.

16  27. GUZMAN lost and continues to lose income due to the unlawful termination. In addition,
17  GUZMAN suffers from emotional distress, depression, anxiety, panic, and generalized stress.

18  **FIRST CAUSE OF ACTION**
19  **DISABILITY DISCRIMINATION**
20  **[California Government Code §§ 12940(a), *et seq.*]**
21  **(Plaintiff v. All Defendants])**

22  28. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

23  29. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), California
24  Government Code section 12940, *et seq.*, was in full force and effect and binding on
25  Defendants. These statutes make it unlawful to discriminate against an employee on-the-basis
26  of a disability.

27  30. Defendant discriminated against Plaintiff on-the-basis of Plaintiff's disability by terminating
28  her employment while she was disabled. Plaintiff notified Defendants that she was unable to

- 5 -

1   work due to her breast cancer, breast cancer treatment, and surgeries related to her breast

2   cancer.

3   31. Defendants were aware of her disability because Plaintiff presented Defendants with doctor

4       notes, Defendants' third party administrator was involved, and Defendants' disability insurer

5       was paying Plaintiff bi-weekly. Yet, despite this awareness, Defendants did nothing to

6       accommodate her. Instead, Defendants coldly terminated her employment.

7   32. As a proximate result of Defendants' willful, knowing and intentional discrimination of

8       Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other

9       benefits.

10  33. As a proximate result of Defendants' willful, knowing and intentional discrimination of

11      Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

12      mental and physical pain and anguish, all to her damage in a sum according to proof.

13  34. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with

14      malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were

15      carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore

16      entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

17                          **SECOND CAUSE OF ACTION**

18      **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA**

19                  **[California Government Code § 12940(m)]**

20                       **(Plaintiff v. All Defendants)**

21  35. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth herein.

22  36. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process

23      with an employee it believes has a disability or who, in fact, has a disability, to determine if that

24      employee needs reasonable accommodations to perform the job.

25  37. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff

26      with reasonable accommodations and it failed to engage in a timely, good faith, interactive

27      process with Plaintiff to determine effective reasonable accommodations to the extent she

28      needed them in violation of the applicable provisions of California Government Code section

- 6 -
COMPLAINT FOR DAMAGES

1   12940, *et seq*. Based on her limitations, it was likely that Plaintiff could have returned to work

2   with restrictions. Alternatively, it was also likely that Plaintiff could have returned to work in a

3   position that did not require manual labor.

4   38. As a proximate result of Defendants' willful, knowing and intentional discrimination against

5   Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities,

6   Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

7   39. As a proximate result of Defendants' willful, knowing and intentional discrimination against

8   Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities,

9   Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and

10   mental pain and anguish, all to her der damage in a sum according to proof. Plaintiff is further

11   entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940, *et*

12   *seq.*

13   **THIRD CAUSE OF ACTION**

14   **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

15   **[California Government Code § 12940(n)]**

16   **(Plaintiff v. All Defendants)**

17   40. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

18   41. As described herein, Defendants failed to engage in a good-faith interactive process with

19   Plaintiff to determine wither it would be possible to implement an effective, reasonable

20   accommodations. Based on her limitations, it was likely that Plaintiff could have returned to

21   work with restrictions. Alternatively, it was also likely that Plaintiff could have returned to

22   work in a position that did not require manual labor.

23   42. As a proximate result of Defendants' failure to engage in a good-faith interactive process,

24   Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

25   Plaintiff has further suffered and continues to suffer humiliation, emotional distress, and

26   physical and mental pain and anguish, all to her damage in a sum according to proof.

27   43. Plaintiff is further entitled to recovery attorneys' fees pursuant to the provision of California

28   Government Code section 12940, *et seq.*

- 7 -

COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Plaintiff v. All Defendants)**

44. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

45. As described herein, Plaintiff's employment was terminated in violation of the fundamental public policies of the State of California including those set out in the California Fair Employment and Housing Act and the California Constitution. Specifically, Plaintiff's employment was terminated in violation of the California Labor Code and the FEHA as described above and in violation of the public policy set forth in California Government Code section 12950.1.

46. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorneys' fees and thereby claims such amount as damages, together with pre-judgment interest.

47. Because the acts taken toward Plaintiff by Defendant were deliberate, malicious and undertaken to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) For general, special, compensatory damages;

(b) For exemplary and punitive damages;

(c) For emotional distress damages;

(d) For reasonable attorneys' fees;

(e) For pre-judgment and post-judgment interest at the maximum legal rate;

(f) For costs of suit incurred;

(g) For such other and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES

DATED: March 17, 2021                    MARLIS PARK, P.C.

By: _____
    Young K. Park
    Brent P. Marlis
    Emily J. Tripodi
    Attorneys for Plaintiff,
    Luz Guzman

COMPLAINT FOR DAMAGES



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

March 17, 2021

Young Park

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202103-12942518
      Right to Sue: Guzman / Wal-Mart Associates, Inc. et al.

Dear Young Park:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 17, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202103-12942518
Right to Sue: Guzman / Wal-Mart Associates, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete. To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                         KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

March 17, 2021

Luz Guzman
311 S. Lorena St., Apt. 2
Los Angeles, California 90063

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202103-12942518
      Right to Sue: Guzman / Wal-Mart Associates, Inc. et al.

Dear Luz Guzman:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective March 17, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Luz Guzman                                                    DFEH No. 202103-12942518

                                    Complainant,

vs.

Wal-Mart Associates, Inc.
,

Walmart, Inc.
,

                                    Respondents

---

1. Respondent **Wal-Mart Associates, Inc.** is an **employer Wal-Mart Associates, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Walmart, Inc.** business as Co-Respondent(s).

3. Complainant **Luz Guzman**, resides in the City of **Los Angeles,** State of **California.**

4. Complainant alleges that on or about **February 9, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated.

**Additional Complaint Details:** 11.  GUZMAN started working for Defendants on or around November 10, 1999 and continued working until she was unlawfully discharged on February 9, 2021.

Date Filed: March 17, 2021

12.     GUZMAN was a Fresh 1 Supervisor and earned $20.61 per hour. Her job duties included supervising associates, unloading trucks, rolling carts into various rooms, and working the sales floor.

13.     On or around December 5, 2018, GUZMAN was diagnosed with breast cancer.

14.     On or around January 1, 2019, GUZMAN underwent her first surgery for breast cancer. During the surgery, a port was placed in her left breast.

15.     On or around January 14, 2019, GUZMAN began chemotherapy treatment for her breast cancer. GUZMAN was scheduled to receive chemotherapy treatment for one year; she was required to receive six rounds of five full doses of chemotherapy treatment.

16.     On or around June 26, 2019, GUZMAN underwent a second surgery for breast cancer. During the surgery, her right breast was removed and an expander was inserted in its place.

17.     On or around July 10, 2019, GUZMAN underwent a third surgery for breast cancer.

18.     On or around August 22, 2019, GUZMAN began radiation treatment for her breast cancer. GUZMAN was scheduled to receive radiation treatment through September 26, 2019.

19.     Due to her surgeries and illness, GUZMAN was unable to work from December 2018 through October 2019. GUZMAN believed that, once she could receive surgery to remove the expander in her right breast, she would be able to complete the manual labor required of her Fresh 1 Supervisor role.

20.     In October 2019, GUZMAN told "Sarah" that she could come back to work with restrictions. To be sure, GUZMAN offered "Sarah" a note provided by GUZMAN's doctor that said she could return with restrictions, but notes that GUZMAN was still undergoing chemotherapy treatment every three weeks until January 2020. "Sarah" told GUZMAN not to worry about returning to work with restrictions at that time. Nevertheless, "Sarah" told GUZMAN she would speak with Defendants' third party administrator, Sedgwick, about whether GUZMAN could return to work with restrictions. GUZMAN did not hear back from "Sarah" or Sedgwick about GUZMAN's ability to return to work with restrictions.

21.     On or around November or December 2019, Lincoln Financial Group, Defendants' disability insurance carrier, informed GUZMAN that she would be placed on disability. Lincoln Financial Group evaluated GUZMAN's status every sixty (60) days and paid her disability benefits bi-weekly from on or around November 2019 through present.

22.     On or around June or July 2020, GUZMAN called "Sarah" after not hearing from Defendants for a few months. GUZMAN told "Sarah" that she was on long term disability through Lincoln Financial Group. GUZMAN also told "Sarah" that she was unable to receive her necessary surgeries—including to take out the expander currently in place of her right breast—due to the Coronavirus pandemic because all "non-essential" surgeries were placed on hold. GUZMAN also told "Sarah" that she did not want to lose her job. Sarah reassured GUZMAN that her job was secure and that GUZMAN could return to work when she was healthy.

23.     Nervous about Defendants' lack of contact with her during her medical leave and hopeful about find an accommodation that would allow her to work while she awaited surgery, GUZMAN visited another Wal-Mart store and attempted to secure a customer service or an equivalent position. GUZMAN believed a job that allowed her to complete non-manual labor would allow her to return to work without injuring herself. However, after her visit to the store, GUZMAN did not hear anything back.

Date Filed: March 17, 2021

24.     On or around February 9, 2021, Defendants terminated GUZMAN's employment. GUZMAN received a termination notice in the mail. The termination notice stated that GUZMAN abandoned her job due to "[f]ailure to return from leave."

25.     Defendants were aware that GUZMAN was disabled and unable to work. GUZMAN received notes from her doctor placing her off work or on light duty, and GUZMAN always offered these notes to Defendants. These notes spanned from roughly December 10, 2018 through January 20, 2020. Plus, Defendants' third party administrator, Sedgwick, placed GUZMAN on leave from December 10, 2018 through June 29, 2019. Not to mention, Lincoln Financial Group, Defendants' disability insurance carrier, evaluated GUZMAN every sixty (60) days and paid GUZMAN disability benefits from on or around November 2019 through present.

26.     Defendants did not engage GUZMAN in the interactive process to determine an effective and reasonable accommodation. Instead, Defendants simply and coldly terminated her employment.

27.     GUZMAN lost and continues to lose income due to the unlawful termination. In addition, GUZMAN suffers from emotional distress, depression, anxiety, panic, and generalized stress.

-3-
*Complaint – DFEH No. 202103-12942518*

Date Filed: March 17, 2021

1 | VERIFICATION

2 | I, **Young Kook Park**, am the **Attorney** in the above-entitled complaint.  I have read
3 | the foregoing complaint and know the contents thereof.  The matters alleged are
based on information and belief, which I believe to be true.

4 |
On March 17, 2021, I declare under penalty of perjury under the laws of the State of
5 | California that the foregoing is true and correct.

6 |                                                                          **Los Angeles, CA**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |                                        -4-
*Complaint – DFEH No. 202103-12942518*

28 | Date Filed: March 17, 2021

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Brent Marlis SB#284654; Young Park SB#287589<br>3600 Wilshire Blvd., Suite 1815<br>Los Angeles, CA 90010 | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.: 323-922-2000    FAX NO. *(Optional)*:

ATTORNEY FOR *(Name)*: PLAINTIFF LUZ GUZMAN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO**
STREET ADDRESS: 247 W 3rd St,
MAILING ADDRESS: 247 W 3rd St,
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
  LUZ GUZMAN v. WAL-MART ASSOCIATES, INC., ET AL.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited**<br>(Amount     (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |    types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
  c. [ ] Substantial amount of documentary evidence        court
                               f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify)*: 4
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 17, 2021

BRENT MARLIS
_____
      (TYPE OR PRINT NAME)                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

MARLIS PARK, P.C.
Young K. Park SB# 287589
 E-Mail: young@marlispark.com
Brent P. Marlis SB# 284654
 E-Mail: brent@marlispark.com
Emily J. Tripodi SB# 334054
 E-Mail: emily@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
LUZ GUZMAN

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

MAR 18 2021

By_____
LaSHONDRA RICHARDSON, DEPUTY

COPY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LUZ GUZMAN, an individual; | Case No.: CIV SB 2 1 0 8 7 5 3 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | (1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA |
| WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50, | (2) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA |
| | (3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA |
| Defendants. | (4) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |

Plaintiff LUZ GUZMAN (hereinafter "GUZMAN" or "Plaintiff") for her Complaint against

Defendants WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a

Delaware Corporation; and DOES 1 through 50 (hereinafter "WAL-MART ASSOCIATES"

"WALMART" and collectively "Defendants") alleges as follows:

## **PARTIES**

1. Plaintiff GUZMAN is an individual residing in the State of California. Plaintiff GUZMAN was

   an employee of Defendants at all relevant times herein mentioned.

- 1 -
COMPLAINT FOR DAMAGES

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Brent Marlis SB#284654; Young Park SB#287589<br>3600 Wilshire Blvd., Suite 1815<br>Los Angeles, CA 90010<br><br>TELEPHONE NO.: 323-922-2000   FAX NO. (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF LUZ GUZMAN | FOR COURT USE ONLY<br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>**MAR 18 2021**<br><br>By_____<br>LaSHONDRA RICHARDSON, DEPUTY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 247 W 3rd St,
MAILING ADDRESS: 247 W 3rd St,
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

*COPY*

CASE NAME:
LUZ GUZMAN v. WAL-MART ASSOCIATES, INC., ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIV SB 2 1 0 8 7 5 3 |
|  |  | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) |  |
| **Employment** | [ ] Petition re: arbitration award (11) |  |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) |  |
| [x] Other employment (15) | [ ] Other judicial review (39) |  |

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve              courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence              court
                                                        f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: March 17, 2021

BRENT MARLIS
_____   ►   _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use                **CIVIL CASE COVER SHEET**       Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

GUZMAN

CASE NO.: CIV SB 2 1 0 8 7 5 3

vs.

**CERTIFICATE OF ASSIGNMENT**

WAL-MART ASSOCIATES, INC., ET AL.

COPY

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO _____ District of the Superior Court under Rule 404 of this court for the checked reason:

■ General          ☐ Collection

| | Nature of Action | Ground | |
|---|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district | FAXED |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. | |
| ☐ | 3. Contract | Performance in the district is expressly provided for. | |
| ☐ | 4. Equity | The cause of action arose within the district. | |
| ☐ | 5. Eminent Domain | The property is located within the district. | |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. | |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. | |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. | |
| ☐ | 9. Mandate | The defendant functions wholly within the district. | |
| ☐ | 10. Name Change | The petitioner resides within the district. | |
| ☐ | 11. Personal Injury | The injury occurred within the district. | |
| ☐ | 12. Personal Property | The property is located within the district. | |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. | |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. | |
| ☐ | 15. Review | The defendant functions wholly within the district. | |
| ☐ | 16. Title to Real Property | The property is located within the district. | |
| ☐ | 17. Transferred Action | The lower court is located within the district. | |
| ☐ | 18. Unlawful Detainer | The property is located within the district. | |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. | |
| ☐ | 20. Other _____ | | |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| WAL-MART ASSOCIATES, INC., ET AL. - DEFENDANT | | 3943 GRAND AVE | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| CHINO | CALIFORNIA | | 91710 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on MARCH 17, 2021 _____ at LOS ANGELES _____, California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360,

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER:<br>CIV SB 2 1 0 8 7 5 3 |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

   I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
   Date: _____

_____          _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY

_____          _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360          **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: CIVSB 2108753 |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐  No ☐  Please check type agreed to: Private: _____   Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to  ☐ consolidate  ☐ Trial dates requested: Yes ☐  No ☐  Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360        **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Guzman -v- Wal-Mart Associates, Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2108753 |

MARLIS PARK, P.C.
3600 Wilshire BLVD
STE 1815
Los Angeles CA 90010

This case has been assigned to:  Janet M Frangie in Department S29 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  10/22/2021  at 9:00 AM in Department S29 - SBJC

Date:  4/22/2021

Nancy CS Eberhardt, Court Executive Officer

By: _____
LaShondra Richardson, Deputy Clerk

.................................................................................................................................

**CERTIFICATE OF SERVICE**

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 4/22/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 4/22/2021 at San Bernardino, CA.

By: _____
LaShondra Richardson, Deputy Clerk

 **CT Corporation**

**Service of Process Transmittal**
04/27/2021
CT Log Number 539459616

| | |
|---|---|
| **TO:** | Kim Lundy Service Of Process<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |

**RE:** **Process Served in California**

**FOR:** WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Guzman Luz, etc., Pltf. vs. Wal-Mart Associates, Inc., etc., et al., Dfts. // To: Walmart, Inc., etc.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), Notice(s), Attachment(s), Certificate(s), Statement(s) |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA<br>Case # CIVSB2108753 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 02/09/2021 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/27/2021 at 13:19 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Young K. Park<br>Marlis Park, P.C.<br>3600 Wilshire Boulevard, Suite 1815<br>Los Angeles, CA 90010<br>323-922-2000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/28/2021, Expected Purge Date: 05/03/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Apr 27, 2021

**Server Name:**             Jimmy Lizama


Entity Served              WALMART INC.

Agent Name                 C T CORPORATION SYSTEM

Case Number                CIV SB 2108753

Jurisdiction               CA



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

**APR 2 2 2021**

By _____
LaSHONDRA RICHARDSON, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUZ GUZMAN, an individual;

COPY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Justice Center<br>247 W 3rd St, San Bernardino, CA 92415 | **CASE NUMBER:** *(Número del Caso):*<br>CIVSB 2100753 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Young Park; 3600 Wilshire Blvd., Suite 1815, Los Angeles CA 90010, 323-922-2000

| DATE:<br>*(Fecha)* APR 2 2 2021 | Clerk, by<br>*(Secretario)* LaShondra Richardson | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

Copy

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WALMART, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

MARLIS PARK, P.C.
Young K. Park SB# 287589
 E-Mail: young@marlispark.com
Brent P. Marlis SB# 284654
 E-Mail: brent@marlispark.com
Emily J. Tripodi SB# 334054
 E-Mail: emily@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
LUZ GUZMAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LUZ GUZMAN, an individual; | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50, | (1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA <br> (2) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA <br> (3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA |
| Defendants. | (4) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |

Plaintiff LUZ GUZMAN (hereinafter "GUZMAN" or "Plaintiff") for her Complaint against Defendants WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50 (hereinafter "WAL-MART ASSOCIATES" "WALMART" and collectively "Defendants") alleges as follows:

### **PARTIES**

1.  Plaintiff GUZMAN is an individual residing in the State of California. Plaintiff GUZMAN was an employee of Defendants at all relevant times herein mentioned.

- 1 -

2. On information and belief, WAL-MART ASSOCIATES is a Delaware corporation organized and existing under the laws of the State of Delaware and Plaintiff's employer at all relevant times herein mentioned.

3. On information and belief, WALMART is a Delaware corporation organized and existing under the laws of the State of Delaware and Plaintiff's employer at all relevant times herein mentioned.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendants, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendants as herein alleged.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

6. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

7. By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold individual defendant liable for the acts of his alter ego. Individual defendant held and now holds substantial interest in corporate defendants and should therefore be deemed to be corporate defendants' alter ego. Corporate defendants were, and now still are, mere shells and naked frameworks which individual defendant used, and now uses, as a conduit for the conduct of his personal business

1    and/or property affairs and/or obligor for the assumption of obligations and/or liabilities

2    incapable of performance by said corporate and/or entity defendants, which are the obligations

3    and liabilities of individual defendant.

4  8.  Plaintiff is informed and believes and thereon alleges that at all times material herein Defendant

5    employed and continues to employ five (5) or more persons in California and is an employer

6    covered by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

7  9.  Plaintiff has exhausted her administrative remedies. Plaintiff timely filed charges against

8    Defendant with the California Department of Fair Employment and Housing on March 17,

9    2021 and received a "Right-to-Sue" notice.

10                **VENUE AND JURISDICTION**

11  10. This Court has jurisdiction over this matter because Defendants conduct business in, and have

12    substantial contacts, within the State of California. Venue is proper in the County of San

13    Bernardino because Plaintiff performed work for Defendants in the County of San Bernardino.

14                 **FACTUAL ALLEGATIONS**

15  11. GUZMAN started working for Defendants on or around November 10, 1999 and continued

16    working until she was unlawfully discharged on February 9, 2021.

17  12. GUZMAN was a Fresh 1 Supervisor and earned $20.61 per hour. Her job duties included

18    supervising associates, unloading trucks, rolling carts into various rooms, and working the sales

19    floor.

20  13. On or around December 5, 2018, GUZMAN was diagnosed with breast cancer.

21  14. On or around January 1, 2019, GUZMAN underwent her first surgery for breast cancer. During

22    the surgery, a port was placed in her left breast.

23  15. On or around January 14, 2019, GUZMAN began chemotherapy treatment for her breast

24    cancer. GUZMAN was scheduled to receive chemotherapy treatment for one year; she was

25    required to receive six rounds of five full doses of chemotherapy treatment.

26  16. On or around June 26, 2019, GUZMAN underwent a second surgery for breast cancer. During

27    the surgery, her right breast was removed and an expander was inserted in its place.

28  17. On or around July 10, 2019, GUZMAN underwent a third surgery for breast cancer.

18. On or around August 22, 2019, GUZMAN began radiation treatment for her breast cancer. GUZMAN was scheduled to receive radiation treatment through September 26, 2019.

19. Due to her surgeries and illness, GUZMAN was unable to work from December 2018 through October 2019. GUZMAN believed that, once she could receive surgery to remove the expander in her right breast, she would be able to complete the manual labor required of her Fresh 1 Supervisor role.

20. In October 2019, GUZMAN told "Sarah" that she could come back to work with restrictions. To be sure, GUZMAN offered "Sarah" a note provided by GUZMAN's doctor that said she could return with restrictions, but notes that GUZMAN was still undergoing chemotherapy treatment every three weeks until January 2020. "Sarah" told GUZMAN not to worry about returning to work with restrictions at that time. Nevertheless, "Sarah" told GUZMAN she would speak with Defendants' third party administrator, Sedgwick, about whether GUZMAN could return to work with restrictions. GUZMAN did not hear back from "Sarah" or Sedgwick about GUZMAN's ability to return to work with restrictions.

21. On or around November or December 2019, Lincoln Financial Group, Defendants' disability insurance carrier, informed GUZMAN that she would be placed on disability. Lincoln Financial Group evaluated GUZMAN's status every sixty (60) days and paid her disability benefits bi-weekly from on or around November 2019 through present.

22. On or around June or July 2020, GUZMAN called "Sarah" after not hearing from Defendants for a few months. GUZMAN told "Sarah" that she was on long term disability through Lincoln Financial Group. GUZMAN also told "Sarah" that she was unable to receive her necessary surgeries—including to take out the expander currently in place of her right breast—due to the Coronavirus pandemic because all "non-essential" surgeries were placed on hold. GUZMAN also told "Sarah" that she did not want to lose her job. Sarah reassured GUZMAN that her job was secure and that GUZMAN could return to work when she was healthy.

23. Nervous about Defendants' lack of contact with her during her medical leave and hopeful about find an accommodation that would allow her to work while she awaited surgery, GUZMAN visited another Wal-Mart store and attempted to secure a customer service or an equivalent

- 4 -

1    position. GUZMAN believed a job that allowed her to complete non-manual labor would allow

2    her to return to work without injuring herself. However, after her visit to the store, GUZMAN

3    did not hear anything back.

4  24. On or around February 9, 2021, Defendants terminated GUZMAN's employment. GUZMAN

5    received a termination notice in the mail. The termination notice stated that GUZMAN

6    abandoned her job due to "[f]ailure to return from leave."

7  25. Defendants were aware that GUZMAN was disabled and unable to work. GUZMAN received

8    notes from her doctor placing her off work or on light duty, and GUZMAN always offered

9    these notes to Defendants. These notes spanned from roughly December 10, 2018 through

10    January 20, 2020. Plus, Defendants' third party administrator, Sedgwick, placed GUZMAN on

11    leave from December 10, 2018 through June 29, 2019. Not to mention, Lincoln Financial

12    Group, Defendants' disability insurance carrier, evaluated GUZMAN every sixty (60) days and

13    paid GUZMAN disability benefits from on or around November 2019 through present.

14  26. Defendants did not engage GUZMAN in the interactive process to determine an effective and

15    reasonable accommodation. Instead, Defendants simply and coldly terminated her employment.

16  27. GUZMAN lost and continues to lose income due to the unlawful termination. In addition,

17    GUZMAN suffers from emotional distress, depression, anxiety, panic, and generalized stress.

18                   **FIRST CAUSE OF ACTION**

19                  **DISABILITY DISCRIMINATION**

20        **[California Government Code §§ 12940(a), *et seq.*]**

21              **(Plaintiff v. All Defendants])**

22  28. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

23  29. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), California

24    Government Code section 12940, *et seq.*, was in full force and effect and binding on

25    Defendants. These statutes make it unlawful to discriminate against an employee on-the-basis

26    of a disability.

27  30. Defendant discriminated against Plaintiff on-the-basis of Plaintiff's disability by terminating

28    her employment while she was disabled. Plaintiff notified Defendants that she was unable to

1  work due to her breast cancer, breast cancer treatment, and surgeries related to her breast

2  cancer.

3  31. Defendants were aware of her disability because Plaintiff presented Defendants with doctor

4  notes, Defendants' third party administrator was involved, and Defendants' disability insurer

5  was paying Plaintiff bi-weekly. Yet, despite this awareness, Defendants did nothing to

6  accommodate her. Instead, Defendants coldly terminated her employment.

7  32. As a proximate result of Defendants' willful, knowing and intentional discrimination of

8  Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other

9  benefits.

10  33. As a proximate result of Defendants' willful, knowing and intentional discrimination of

11  Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

12  mental and physical pain and anguish, all to her damage in a sum according to proof.

13  34. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with

14  malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were

15  carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore

16  entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

17  **SECOND CAUSE OF ACTION**

18  **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA**

19  **[California Government Code § 12940(m)]**

20  **(Plaintiff v. All Defendants)**

21  35. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth herein.

22  36. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process

23  with an employee it believes has a disability or who, in fact, has a disability, to determine if that

24  employee needs reasonable accommodations to perform the job.

25  37. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff

26  with reasonable accommodations and it failed to engage in a timely, good faith, interactive

27  process with Plaintiff to determine effective reasonable accommodations to the extent she

28  needed them in violation of the applicable provisions of California Government Code section

1   12940, *et seq*. Based on her limitations, it was likely that Plaintiff could have returned to work

2   with restrictions. Alternatively, it was also likely that Plaintiff could have returned to work in a

3   position that did not require manual labor.

4   38. As a proximate result of Defendants' willful, knowing and intentional discrimination against

5   Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities,

6   Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

7   39. As a proximate result of Defendants' willful, knowing and intentional discrimination against

8   Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities,

9   Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and

10  mental pain and anguish, all to her der damage in a sum according to proof. Plaintiff is further

11  entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940, *et*

12  *seq*.

13  <div align="center">**THIRD CAUSE OF ACTION**</div>

14  <div align="center">**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**</div>

15  <div align="center">**[California Government Code § 12940(n)]**</div>

16  <div align="center">**(Plaintiff v. All Defendants)**</div>

17  40. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

18  41. As described herein, Defendants failed to engage in a good-faith interactive process with

19  Plaintiff to determine wither it would be possible to implement an effective, reasonable

20  accommodations. Based on her limitations, it was likely that Plaintiff could have returned to

21  work with restrictions. Alternatively, it was also likely that Plaintiff could have returned to

22  work in a position that did not require manual labor.

23  42. As a proximate result of Defendants' failure to engage in a good-faith interactive process,

24  Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

25  Plaintiff has further suffered and continues to suffer humiliation, emotional distress, and

26  physical and mental pain and anguish, all to her damage in a sum according to proof.

27  43. Plaintiff is further entitled to recovery attorneys' fees pursuant to the provision of California

28  Government Code section 12940, *et seq*.

<div align="center">COMPLAINT FOR DAMAGES</div>

## FOURTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Plaintiff v. All Defendants)

44. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

45. As described herein, Plaintiff's employment was terminated in violation of the fundamental public policies of the State of California including those set out in the California Fair Employment and Housing Act and the California Constitution. Specifically, Plaintiff's employment was terminated in violation of the California Labor Code and the FEHA as described above and in violation of the public policy set forth in California Government Code section 12950.1.

46. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorneys' fees and thereby claims such amount as damages, together with pre-judgment interest.

47. Because the acts taken toward Plaintiff by Defendant were deliberate, malicious and undertaken to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) For general, special, compensatory damages;

(b) For exemplary and punitive damages;

(c) For emotional distress damages;

(d) For reasonable attorneys' fees;

(e) For pre-judgment and post-judgment interest at the maximum legal rate;

(f) For costs of suit incurred;

(g) For such other and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES

DATED: March 17, 2021                    MARLIS PARK, P.C.

By: _____
    Young K. Park
    Brent P. Marlis
    Emily J. Tripodi
    Attorneys for Plaintiff,
    Luz Guzman

COMPLAINT FOR DAMAGES



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

March 17, 2021

Young Park

,

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202103-12942518
Right to Sue: Guzman / Wal-Mart Associates, Inc. et al.

Dear Young Park:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 17, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202103-12942518
      Right to Sue: Guzman / Wal-Mart Associates, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 17, 2021

Luz Guzman
311 S. Lorena St., Apt. 2
Los Angeles, California 90063

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202103-12942518
Right to Sue: Guzman / Wal-Mart Associates, Inc. et al.

Dear Luz Guzman:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective March 17, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Luz Guzman                                                 DFEH No. 202103-12942518

                                    Complainant,

vs.

Wal-Mart Associates, Inc.
,

Walmart, Inc.
,

                                    Respondents

_____

1. Respondent **Wal-Mart Associates, Inc.** is an **employer Wal-Mart Associates, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.Complainant is naming **Walmart, Inc.** business as Co-Respondent(s).

3. Complainant **Luz Guzman**, resides in the City of **Los Angeles**, State of **California.**

4. Complainant alleges that on or about **February 9, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated.

**Additional Complaint Details:** 11.  GUZMAN started working for Defendants on or around November 10, 1999 and continued working until she was unlawfully discharged on February 9, 2021.

-1-
*Complaint – DFEH No. 202103-12942518*

Date Filed: March 17, 2021

12.      GUZMAN was a Fresh 1 Supervisor and earned $20.61 per hour. Her job duties included supervising associates, unloading trucks, rolling carts into various rooms, and working the sales floor.

13.      On or around December 5, 2018, GUZMAN was diagnosed with breast cancer.

14.      On or around January 1, 2019, GUZMAN underwent her first surgery for breast cancer. During the surgery, a port was placed in her left breast.

15.      On or around January 14, 2019, GUZMAN began chemotherapy treatment for her breast cancer. GUZMAN was scheduled to receive chemotherapy treatment for one year; she was required to receive six rounds of five full doses of chemotherapy treatment.

16.      On or around June 26, 2019, GUZMAN underwent a second surgery for breast cancer. During the surgery, her right breast was removed and an expander was inserted in its place.

17.      On or around July 10, 2019, GUZMAN underwent a third surgery for breast cancer.

18.      On or around August 22, 2019, GUZMAN began radiation treatment for her breast cancer. GUZMAN was scheduled to receive radiation treatment through September 26, 2019.

19.      Due to her surgeries and illness, GUZMAN was unable to work from December 2018 through October 2019. GUZMAN believed that, once she could receive surgery to remove the expander in her right breast, she would be able to complete the manual labor required of her Fresh 1 Supervisor role.

20.      In October 2019, GUZMAN told "Sarah" that she could come back to work with restrictions. To be sure, GUZMAN offered "Sarah" a note provided by GUZMAN's doctor that said she could return with restrictions, but notes that GUZMAN was still undergoing chemotherapy treatment every three weeks until January 2020. "Sarah" told GUZMAN not to worry about returning to work with restrictions at that time. Nevertheless, "Sarah" told GUZMAN she would speak with Defendants' third party administrator, Sedgwick, about whether GUZMAN could return to work with restrictions. GUZMAN did not hear back from "Sarah" or Sedgwick about GUZMAN's ability to return to work with restrictions.

21.      On or around November or December 2019, Lincoln Financial Group, Defendants' disability insurance carrier, informed GUZMAN that she would be placed on disability. Lincoln Financial Group evaluated GUZMAN's status every sixty (60) days and paid her disability benefits bi-weekly from on or around November 2019 through present.

22.      On or around June or July 2020, GUZMAN called "Sarah" after not hearing from Defendants for a few months. GUZMAN told "Sarah" that she was on long term disability through Lincoln Financial Group. GUZMAN also told "Sarah" that she was unable to receive her necessary surgeries—including to take out the expander currently in place of her right breast—due to the Coronavirus pandemic because all "non-essential" surgeries were placed on hold. GUZMAN also told "Sarah" that she did not want to lose her job. Sarah reassured GUZMAN that her job was secure and that GUZMAN could return to work when she was healthy.

23.      Nervous about Defendants' lack of contact with her during her medical leave and hopeful about find an accommodation that would allow her to work while she awaited surgery, GUZMAN visited another Wal-Mart store and attempted to secure a customer service or an equivalent position. GUZMAN believed a job that allowed her to complete non-manual labor would allow her to return to work without injuring herself. However, after her visit to the store, GUZMAN did not hear anything back.

Date Filed: March 17, 2021

24.     On or around February 9, 2021, Defendants terminated GUZMAN's employment. GUZMAN received a termination notice in the mail. The termination notice stated that GUZMAN abandoned her job due to "[f]ailure to return from leave."

25.     Defendants were aware that GUZMAN was disabled and unable to work. GUZMAN received notes from her doctor placing her off work or on light duty, and GUZMAN always offered these notes to Defendants. These notes spanned from roughly December 10, 2018 through January 20, 2020. Plus, Defendants' third party administrator, Sedgwick, placed GUZMAN on leave from December 10, 2018 through June 29, 2019. Not to mention, Lincoln Financial Group, Defendants' disability insurance carrier, evaluated GUZMAN every sixty (60) days and paid GUZMAN disability benefits from on or around November 2019 through present.

26.     Defendants did not engage GUZMAN in the interactive process to determine an effective and reasonable accommodation. Instead, Defendants simply and coldly terminated her employment.

27.     GUZMAN lost and continues to lose income due to the unlawful termination. In addition, GUZMAN suffers from emotional distress, depression, anxiety, panic, and generalized stress.

-3-
*Complaint – DFEH No. 202103-12942518*

Date Filed: March 17, 2021

VERIFICATION

I, **Young Kook Park**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On March 17, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-4-

*Complaint – DFEH No. 202103-12942518*

Date Filed: March 17, 2021

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Brent Marlis SB#284654; Young Park SB#287589
3600 Wilshire Blvd., Suite 1815
Los Angeles, CA 90010

TELEPHONE NO.: 323-922-2000     FAX NO. *(Optional):*
ATTORNEY FOR *(Name):* PLAINTIFF LUZ GUZMAN

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO**
STREET ADDRESS: 247 W 3rd St,
MAILING ADDRESS: 247 W 3rd St,
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
LUZ GUZMAN v. WAL-MART ASSOCIATES, INC., ET AL.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br><br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* 4
5.  This case [ ] is   [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 17, 2021
BRENT MARLIS
_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                     CIVIL CASE COVER SHEET                     Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

MARLIS PARK, P.C.
Young K. Park SB# 287589
  E-Mail: young@marlispark.com
Brent P. Marlis SB# 284654
  E-Mail: brent@marlispark.com
Emily J. Tripodi SB# 334054
  E-Mail: emily@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
LUZ GUZMAN

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

**MAR 1 8 2021**

By_____
LaSHONDRA RICHARDSON, DEPUTY

COPY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LUZ GUZMAN, an individual; | Case No.:  CIV SB 2 1 0 0 7 5 3 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | (1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA |
| WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50, | (2) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA |
| | (3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA |
| Defendants. | (4) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |

Plaintiff LUZ GUZMAN (hereinafter "GUZMAN" or "Plaintiff") for her Complaint against

Defendants WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a

Delaware Corporation; and DOES 1 through 50 (hereinafter "WAL-MART ASSOCIATES"

"WALMART" and collectively "Defendants") alleges as follows:

### PARTIES

1. Plaintiff GUZMAN is an individual residing in the State of California. Plaintiff GUZMAN was

an employee of Defendants at all relevant times herein mentioned.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Brent Marlis SB#284654; Young Park SB#287589
3600 Wilshire Blvd., Suite 1815
Los Angeles, CA 90010

TELEPHONE NO.: 323-922-2000          FAX NO. *(Optional):*

ATTORNEY FOR *(Name):* PLAINTIFF LUZ GUZMAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 W 3rd St,
MAILING ADDRESS: 247 W 3rd St,
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

COPY

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

MAR 18 2021

By_____
LaSHONDRA RICHARDSON, DEPUTY

CASE NAME:
LUZ GUZMAN v. WAL-MART ASSOCIATES, INC., ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIV SB 2 1 0 8 7 5 3 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 17, 2021
BRENT MARLIS
_____          ▶          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

GUZMAN

vs.

WAL-MART ASSOCIATES, INC., ET AL.

CASE NO. CIV SB 2 1 0 8 7 5 3

**CERTIFICATE OF ASSIGNMENT**

COPY

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO District of the Superior Court under Rule 404 of this court for the checked reason:

■ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| WAL-MART ASSOCIATES, INC., ET AL. - DEFENDANT | | 3943 GRAND AVE |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS |
| CHINO | CALIFORNIA | 91710 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on MARCH 17, 2021 at LOS ANGELES _____, California

_____
Signature of Attorney/Party

**CERTIFICATE OF ASSIGNMENT**

13-16503-360,

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| | |
|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER:<br>CIV SB 2 1 0 8 7 5 3 |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360           **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| | |
|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: CIVSB 2108753 |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other Issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

Form # 13-09001-360          **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Guzman -v- Wal-Mart Associates, Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2108753 |

MARLIS PARK, P.C.
3600 Wilshire BLVD
STE 1815
Los Angeles CA  90010

This case has been assigned to:  Janet M Frangie in Department S29 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  10/22/2021  at 9:00 AM in Department S29 - SBJC

Date: 4/22/2021                                Nancy CS Eberhardt, Court Executive Officer

By:  _____
                                          LaShondra Richardson, Deputy Clerk

----------------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☒  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐  A copy of this notice was given to the filing party at the counter.
☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 4/22/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 4/22/2021 at San Bernardino, CA.

By:  _____
                                          LaShondra Richardson, Deputy Clerk

Exhibit 2

1 | Kenneth M. Jones, Esq. (SBN 140358)
2 | Jane N. Kespradit, Esq. (SBN 270124)
  | Bethany J. Peak, Esq. (SBN 298337)
3 | **LIMNEXUS LLP**
  | 707 Wilshire Boulevard, 46th Floor
4 | Los Angeles, CA 90017
  | Tel: (213) 955-9500 | Fax: (213) 955-9511
5 | Kenneth.Jones@LimNexus.com
  | Jane.Kespradit@LimNexus.com
6 | Bethany.Peak@LimNexus.com

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 5 2021

BY _____
SANDRA ORTEGA/DEPUTY

7 | Attorneys for Defendants, Wal-Mart Associates, Inc. and Walmart Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LUZ GUZMAN, an individual, | Case No. CIVSB2108753 |
| Plaintiff, | Civil Unlimited |
| vs. | Assigned for All Purposes to the Hon. Janet M. Frangie, Dept. S29 |
| WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50, | **DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |
| Defendants. | Action Filed:  March 18, 2021 |
| | Trial Date:  (not yet set) |

WAL-MART ASSOCIATES, INC. and WALMART INC. (collectively "Defendants") hereby answer the unverified original complaint ("Complaint") filed by Plaintiff LUZ GUZMAN ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

1.      Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint, and further deny that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendants, or by any act or omission by any agent or employee of Defendants.  Defendants further deny, generally and

- 1 -

1  specifically, that Plaintiff is entitled to any relief whatsoever.

2  <center>**AFFIRMATIVE DEFENSES**</center>

3      2.    In further answer to the Complaint, Defendants allege the following separate and

4  distinct defenses.  In asserting these defenses, Defendants do not assume the burden of proof as to

5  matter that, pursuant to law, are Plaintiff's burden to prove.

6  <center>**FIRST AFFIRMATIVE DEFENSE**</center>

7  <center>**(Failure to State a Cause of Action)**</center>

8      3.    The Complaint, and each and every cause of action alleged therein fails to state facts

9  sufficient to constitute a cause of action for which relief may be granted.

10  <center>**SECOND AFFIRMATIVE DEFENSE**</center>

11  <center>**(After-Acquired Evidence)**</center>

12      4.    The Complaint, and each and every cause of action alleged therein, is barred, or any

13  damages reduced, by after-acquired evidence.

14  <center>**THIRD AFFIRMATIVE DEFENSE**</center>

15  <center>**(Appropriate Remedial Action Taken by Employer)**</center>

16      5.    The Complaint, and each and every cause of action alleged therein, is barred, in whole

17  or in part, because Defendants took all reasonable steps to prevent any alleged discrimination,

18  harassment, and/or retaliation once Defendants were made aware of Plaintiff's complaints.

19  <center>**FOURTH AFFIRMATIVE DEFENSE**</center>

20  <center>**(Avoidable Consequences)**</center>

21      6.    The Complaint, and each and every cause of action alleged there in, is barred by the

22  avoidable consequences doctrine, as Defendants took reasonable preventative and/or corrective

23  measures, including having proper policies and procedures in place, that Plaintiff unreasonably failed

24  to utilize, and reasonable use by Plaintiff of Defendants' procedures would have prevented at least

25  some of the harm that the Plaintiff alleges she suffered (which allegations are denied). Defendants are

26  therefore not liable for the alleged claims and/or Plaintiff's damages should be limited or reduced

27  accordingly.

28

<center>- 2 -</center>

## FIFTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

7.   The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendants lacked knowledge that Plaintiff was allegedly discriminated against, harassed, or retaliated against (which Defendants deny).

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8.   Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

9.   The Complaint, and each and every cause of action alleged therein, and the claim for punitive damages, are barred because Defendant based its acts, omissions, and/or conduct taken with respect to Plaintiff, on an honest, reasonable, and good-faith belief of the relevant facts and circumstances known by Defendant at the time it acted.

## EIGHTH AFFIRMATIVE DEFENSE

### (Pre-Existing Conditions)

10.   Defendants allege that to the extent Plaintiff has suffered any emotional pain, suffering, inconvenience, mental pain, loss of enjoyment or life, or any other non-pecuniary losses, although Defendants deny Plaintiff suffered any such injures, Defendants are not responsible to the extent that some or all of such injuries are due to personal circumstances existing in Plaintiff's life during the relevant time, or due to Plaintiff's pre-existing conditions.

## NINTH AFFIRMATIVE DEFENSE

### (Bad Faith and/or Frivolous Claims)

11.   Defendants allege that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or her attorneys pursuant to California law including, but not limited to Code of Civil

Procedure section 128.5 and/or Government Code section l2965(b).

## TENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification by Defendants)

12.     Any unlawful or wrongful acts, to the extent they exist, taken by Defendants' agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendants nor did Defendants know nor should have known of such acts.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

13.     The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

14.     Defendants are not liable to Plaintiff for punitive damages because neither Defendants nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

15.     The Complaint, and each and every cause of action alleged therein, is barred as Defendants' alleged actions were not a substantial motivating reason for the alleged adverse employment action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Same Decision Limits Remedies)

16.     The Complaint, and each and every cause of action alleged therein, is limited as

- 4 -

Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

17.   The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

18.   The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

19.   The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Set-Off for Benefits)

20.   Defendants are entitled to a set-off of any benefits Plaintiff receives or has received from Worker's Compensation or any other benefit plan or source related to the injuries or damages alleged in the Complaint against any aware of damages to Plaintiff in this action.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Cause)

21.   The Complaint, and each and each and every cause of action alleged therein, is barred because Plaintiff was disciplined, demoted and/or terminated for good cause.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Undue Hardship)

22.   The Complaint, and each and each and every cause of action alleged therein, is barred to the extent Defendants were excused from providing an accommodation as the accommodation

1  required would create an undue hardship for Defendants.

2  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

3  **(Right to Amend Answer)**

4      23.    Defendants reserve its right to amend its answer herein, including the addition of

5  affirmative defenses, after pleading and discovery in preparation for trial.

6  **PRAYER FOR RELIEF**

7      WHEREFORE, Defendants pray for judgment as follows:

8      1.    That Plaintiff takes nothing by way of the Complaint;

9      2.    That judgment be entered against Plaintiff and in favor of Defendants on all causes of

10      action;

11      3.    That Defendants be awarded attorneys' fees and costs of suit incurred herein; and

12      4.    That Defendants be awarded such other and further relief as the Court may deem just

13      and proper.

14  Dated:  May 25, 2021                    LIMNEXUS LLP

15

16                                    By: _

17                                    Kenneth M. Jones

18                                    Jane N. Kespradit

Bethany J. Peak
Attorneys for Defendants, Wal-Mart
19  Associates, Inc. and Walmart Inc.

20

21  **DEMAND FOR JURY TRIAL**

22      Defendants hereby demand a trial by jury in the above-entitled matter.

Dated:  May 25, 2021                    LIMNEXUS LLP

23

24                                    By:

25                                    Kenneth M. Jones

26                                    Jane N. Kespradit

Bethany J. Peak
27                                    Attorneys for Defendants, Wal-Mart
Associates, Inc. and Walmart Inc.

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 46th Floor, Los Angeles, California 90017.  On May 25, 2021, I served the foregoing document(s) described as:

**DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

on interested parties in this action as follows:

| Young K. Park, Esq.<br>Brent P. Marlis, Esq.<br>Emily J. Tripodi, Esq.<br>Marlis Park, P.C.<br>3600 Wilshire Blvd., Suite 1815<br>Los Angeles, CA 90010 | Counsel for Plaintiff, Luz Guzman<br><br>Tel. (323) 922-2000 \| Fax (323) 922-2000<br><br>young@marlispark.com<br>brent@marlispark.com<br>emily@marlispark.com |
|---|---|

☒    **BY DESIGNATED ELECTRONIC FILING SERVICE:** Pursuant to section 1010.6 of the Code of Civil Procedure, and rule 2.253(b) of the California Rules of Court. I electronically filed the document(s) with San Bernardino Superior Court via One Legal, E-Filing Service Provider designated by the Court. I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record by submitting an electronic version of the document(s) to One Legal, through the user interface at https://platform.onelegal.com/Eservice.

☒    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated:  May 25, 2021

_____
Crystal Hill

Exhibit 3

1 | Kenneth M. Jones, Esq. (SBN 140358)
2 | Jane N. Kespradit, Esq. (SBN 270124)
  | Bethany J. Peak, Esq. (SBN 298337)
3 | LimNexus LLP
  | 707 Wilshire Boulevard, 46th Floor
4 | Los Angeles, CA 90017
  | Tel: (213) 955-9500 | Fax: (213) 955-9511
5 | Kenneth.Jones@LimNexus.com
  | Jane.Kespradit@LimNexus.com
6 | Bethany.Peak@LimNexus.com

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 5 2021

BY _Sandra Ortega_ DEPUTY
SANDRA ORTEGA

7 | Attorneys for Defendants, Wal-Mart Associates, Inc. and Walmart Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| 11  LUZ GUZMAN, an individual, | Case No. CIVSB2108753 |
| 12          Plaintiff, | Civil Unlimited |
| 13      vs. | Assigned for All Purposes to the |
| 14  WAL-MART ASSOCIATES, INC., a | Hon. Janet M. Frangie, Dept. S29 |
| 15  Delaware Corporation; WALMART, INC., a | **DEFENDANTS WAL-MART** |
|     Delaware Corporation; and DOES 1 through | **ASSOCIATES, INC. AND** |
| 16  50, | **WALMART INC.'S NOTICE OF** |
| 17          Defendants. | **POSTING JURY FEES** |
| 18 | Action Filed:  March 18, 2021 |
|    | Trial Date:    (not yet set) |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that Defendants Wal-Mart Associates, Inc. and Walmart Inc.
posted jury fees in the above-entitled matter in the amount of $150.00 concurrent with the filing of
this Notice.

Dated: May 25, 2021                    LimNexus LLP

                                    By: _____
                                       Kenneth M. Jones
                                       Jane N. Kespradit
                                       Bethany J. Peak
                                       Attorneys for Defendants, Wal-Mart
                                       Associates, Inc. and Walmart Inc.

DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S NOTICE OF POSTING JURY FEES

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 46th Floor, Los Angeles, California 90017.  On May 25, 2021, I served the foregoing document(s) described as:

**DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S NOTICE OF POSTING JURY FEES**

on interested parties in this action as follows:

| | |
|---|---|
| Young K. Park, Esq.<br>Brent P. Marlis, Esq.<br>Emily J. Tripodi, Esq.<br>Marlis Park, P.C.<br>3600 Wilshire Blvd., Suite 1815<br>Los Angeles, CA 90010 | Counsel for Plaintiff, Luz Guzman<br><br>Tel. (323) 922-2000 \| Fax (323) 922-2000<br><br>young@marlispark.com<br>brent@marlispark.com<br>emily@marlispark.com |

☒ **BY DESIGNATED ELECTRONIC FILING SERVICE:** Pursuant to section 1010.6 of the Code of Civil Procedure, and rule 2.253(b) of the California Rules of Court. I electronically filed the document(s) with San Bernardino Superior Court via One Legal, E-Filing Service Provider designated by the Court. I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record by submitting an electronic version of the document(s) to One Legal, through the user interface at https://platform.onelegal.com/Eservice.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated:  May 25, 2021

_____
Crystal Hill

1   MARLIS PARK, P.C.
    Young K. Park SB# 287589
2    E-Mail: young@marlispark.com
    Brent P. Marlis SB# 284654
3    E-Mail: brent@marlispark.com
    Emily J. Tripodi SB# 334054
4    E-Mail: emily@marlispark.com
5   3600 Wilshire Boulevard, Suite 1815
    Los Angeles, CA 90010
6   Tel: 323-922-2000
    Fax: 323-922-2000
7

8   Attorneys for Plaintiff,
    LUZ GUZMAN

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

**FOR THE COUNTY OF SAN BERNARDINO**

11

12   | LUZ GUZMAN, an individual; | Case No.: CIVSB2108753 |
13   | | |
     | Plaintiff, | **NOTICE OF TRIAL SETTING** |
14   | | **CONFERENCE** |
     | vs. | |
15   | | **DATE:  October 22, 2021** |
16   | WAL-MART ASSOCIATES, INC., a | **TIME:  9:00 AM** |
     | Delaware Corporation; WALMART, INC., a | **DEPT:  S29** |
17   | Delaware Corporation; and DOES 1 through | |
     | 50, | Judge:  Hon. Janet M. Frangie |
18   | | Dept:   S29 |
     | Defendants. | Action Filed:  March 18, 2021 |
19   | | Trial Date:  Not Set |

20

21          Please take notice that the Court has set the Trial Setting Conference for October 22, 2021 at

22   9:00 a.m. in Department S29 at the above-referenced Court, located at 247 West 3rd St. San

23   Bernardino, CA 92415. Attached to this Notice is a copy of the Court's Notice.

24

25

26

27

28

1

2

3    DATED: June 8, 2021                    MARLIS PARK, P.C.

4

5                                    By: _____

6                                         Young K. Park
                                          Brent P. Marlis
7                                         Emily J. Tripodi
                                          Attorneys for Plaintiff,
8                                         LUZ GUZMAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Guzman -v- Wal-Mart Associates, Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2108753 |

MARLIS PARK, P.C.
3600 Wilshire BLVD
STE 1815
Los Angeles CA 90010

This case has been assigned to:  Janet M Frangie in Department S29 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 10/22/2021 at 9:00 AM in Department S29 - SBJC

Date: 4/22/2021

Nancy CS Eberhardt, Court Executive Officer

By: _____
LaShondra Richardson, Deputy Clerk

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 4/22/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 4/22/2021 at San Bernardino, CA.

By: _____
LaShondra Richardson, Deputy Clerk

**PROOF OF SERVICE**
**LUZ GUZMAN v. WAL-MART ASSOCIATES, INC., ET AL.**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3600 Wilshire Blvd., Suite 1815, Los Angeles, CA 90010.

    On June 8, 2021 I served the foregoing document described as:

**NOTICE OF TRIAL SETTING CONFERENCE**

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail in the State of California addressed as set forth below:

[ ] by placing a true copy thereof enclosed in a sealed envelope addressed as stated on the attached mailing list.

[X ] by electronically serving the document(s) listed above to:
        Kenneth.Jones@LimNexus.com
        Jane.Kespradit@LimNexus.com
        Bethany.Peak@LimNexus.com

[ ] by having copies **personally delivered to the designed party(ies)**

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[x] (State) I declare under penalty of perjury the laws of the State of California that the foregoing is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on June 8, 2021 at Los Angeles, California.

Karen Arellano

MAILING LIST
Attorneys for Wal-Mart Associates, Inc. and Walmart Inc.

1.   Kenneth M. Jones, Esq.
     Jane N. Kespradit, Esq.
     Bethany J. Peak, Esq.
     LIMNEXUS LLP
     707 Wilshire Boulevard
     46th Floor
     Los Angeles, CA 90017

Exhibit 4

DISC-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br> Kenneth M. Jones (140358); Jane N. Kespradit, Esq. (SBN 270124); Bethany J. Peak (SBN 298337)<br> LimNexus LLP<br> 707 Wilshire Blvd., 46th Floor, Los Angeles, CA 90017<br> TELEPHONE NO.: (213) 955-9500<br> FAX NO. *(Optional):* (213) 955-9511<br> E-MAIL ADDRESS *(Optional):* kenneth.jones@limnexus.com; jane.kespradit@LimNexus.com; bethany.peak@limnexus.com<br> ATTORNEY FOR *(Name):* Wal-Mart Associates, Inc. and Walmart Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO

SHORT TITLE OF CASE:
Luz Guzman v. Wal-Mart Associates, Inc. et al.

| **FORM INTERROGATORIES—GENERAL** | CASE NUMBER:<br>CIVSB2108753 |
|---|---|
| **Asking Party:** Defendants, Wal-Mart Associates, Inc. and Walmart, Inc.<br><br>**Answering Party:** Plaintiff, Luz Guzman<br><br>**Set No.:** One | |

**Sec. 1. Instructions to All Parties**

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect any answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories— Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions– Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____          _____
        *(Date)*                                      *(SIGNATURE)*

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[x] (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

**FORM INTERROGATORIES—GENERAL**

DISC-001

☐ **(2) INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]* Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☒ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information individual—**

☒ 2.1 State:
  (a) your name;
  (b) every name you have used in the past; and
  (c) the dates you used each name.

☒ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
  (a) the state or other issuing entity;
  (b) the license number and type;
  (c) the date of issuance; and
  (d) all restrictions.

☐ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
  (a) the state or other issuing entity;
  (b) the license number and type;
  (c) the date of issuance; and
  (d) all restrictions.

☒ 2.5 State:
  (a) your present residence **ADDRESS;**
  (b) your residence **ADDRESSES** for the past five years; and
  (c) the dates you lived at each **ADDRESS.**

☒ 2.6 State:
  (a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
  (b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ 2.7 State:
  (a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
  (b) the dates you attended;
  (c) the highest grade level you have completed; and
  (d) the degrees received.

☒ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
  (a) the city and state where you were convicted;
  (b) the date of conviction;
  (c) the offense; and
  (d) the court and case number.

☒ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☒ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

**DISC-001**

[x] 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:

    (a)  the name, **ADDRESS,** and telephone number of that **PERSON:** and

    (b)  a description of your duties.

[x] **2.12 At the time of the INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:

    (a)  the name, **ADDRESS,** and telephone number;

    (b)  the nature of the disability or condition; and

    (c)  the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

[ ] 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:

    (a)  the name, **ADDRESS,** and telephone number;

    (b)  the nature or description of each substance;

    (c)  the quantity of each substance used or taken;

    (d)  the date and time of day when each substance was used or taken;

    (e)  the **ADDRESS** where each substance was used or taken;

    (f)  the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and

    (g)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0  General Background Information—Business Entity**

[ ] 3.1 Are you a corporation? If so, state:

    (a)  the name stated in the current articles of incorporation;

    (b)  all other names used by the corporation during the past 10 years and the dates each was used;

    (c)  the date and place of incorporation;

    (d)  the **ADDRESS** of the principal place of business; and

    (e)  whether you are qualified to do business in California.

[ ] 3.2 Are you a partnership? If so, state:

    (a)  the current partnership name;

    (b)  all other names used by the partnership during the past 10 years and the dates each was used;

    (c)  whether you are a limited partnership and, if so, under the laws of what jurisdiction;

    (d)  the name and **ADDRESS** of each general partner; and

    (e)  the **ADDRESS** of the principal place of business.

[ ] 3.3 Are you a limited liability company? If so, state:

    (a)  the name stated in the current articles of organization;

    (b)  all other names used by the company during the past 10 years and the date each was used;

    (c)  the date and place of filing of the articles of organization;

    (d)  the **ADDRESS** of the principal place of business; and

    (e)  whether you are qualified to do business in California.

[ ] 3.4 Are you a joint venture? If so, state:

    (a)  the current joint venture name;

    (b)  all other names used by the joint venture during the past 10 years and the dates each was used;

    (c)  the name and **ADDRESS** of each joint venturer; and

    (d)  the **ADDRESS** of the principal place of business.

[ ] 3.5 Are you an unincorporated association? If so, state:

    (a)  the current unincorporated association name;

    (b)  all other names used by the unincorporated association during the past 10 years and the dates each was used; and

    (c)  the **ADDRESS** of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:

    (a)  the name;

    (b)  the dates each was used;

    (c)  the state and county of each fictitious name filing; and

    (d)  the **ADDRESS** of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:

    (a)  identify the license or registration;

    (b)  state the name of the public entity; and

    (c)  state the dates of issuance and expiration.

**4.0  Insurance**

[ ] 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:

    (a)  the kind of coverage;

    (b)  the name and **ADDRESS** of the insurance company;

    (c)  the name, **ADDRESS,** and telephone number of each named insured;

    (d)  the policy number;

    (e)  the limits of coverage for each type of coverage contained in the policy;

    (f)  whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

    (g)  the name, **ADDRESS,** and telephone number of the custodian of the policy.

[ ] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

[x] 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

[x] 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

[x] 6.3 Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:

(a) a description;

(b) whether the complaint is subsiding, remaining the same, or becoming worse; and

(c) the frequency and duration.

[x] 6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:

(a) the name, **ADDRESS,** and telephone number;

(b) the type of consultation, examination, or treatment provided;

(c) the dates you received consultation, examination, or treatment; and

(d) the charges to date.

[x] 6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:

(a) the name;

(b) the **PERSON** who prescribed or furnished it;

(c) the date it was prescribed or furnished;

(d) the dates you began and stopped taking it; and

(e) the cost to date.

[x] **6.6 Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:

(a) the nature;

(b) the date;

(c) the cost; and

(d) the name, **ADDRESS,** and telephone number of each provider.

[x] 6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:

(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**

(b) the complaints for which the treatment was advised; and

(c) the nature, duration, and estimated cost of the treatment.

**7.0 Property Damage**

[ ] 7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?** If so, for each item of property:

(a) describe the property;

(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and

(d) if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

[ ] 7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;

(b) the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and

(c) the amount of damage stated.

[ ] 7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:

(a) the date repaired;

(b) a description of the repair;

(c) the repair cost;

(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;

(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0 Loss of Income or Earning Capacity**

[x] 8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

[x] 8.2 State:

(a) the nature of your work;

(b) your job title at the time of the **INCIDENT;** and

(c) the date your employment began.

[x] 8.3 State the last date before the **INCIDENT** that you worked for compensation.

[x] 8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[x] 8.5 State the date you returned to work at each place of employment following the **INCIDENT.**

[x] 8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

[x] 8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[x] 8.8 Will you lose income in the future as a result of the **INCIDENT?** If so, state:

(a) the facts upon which you base this contention;

(b) an estimate of the amount;

(c) an estimate of how long you will be unable to work; and

(d) how the claim for future income is calculated.

## 9.0  Other Damages

[x] 9.1 Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:

(a)  the nature;

(b)  the date it occurred;

(c)  the amount; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

[x] 9.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 10.0  Medical History

[ ] 10.1 At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a)  a description of the complaint or injury;

(b)  the dates it began and ended; and

(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

[ ] 10.2 List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT. )*

[ ] 10.3 At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;

(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;

(c)  the nature of any injuries you sustained;

(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and

(e)  the nature of the treatment and its duration.

## 11.0  Other Claims and Previous Claims

[x] 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;

(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;

(d)  the  name, **ADDRESS,** and telephone number of any attorney representing you;

(e)  whether the claim or action has been resolved or is pending; and

(f)  a description of the injury.

[x] 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;

(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;

(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;

(d)  the period of time during which you received workers' compensation benefits;

(e)  a description of the injury;

(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and

(g)  the case number at the Workers' Compensation Appeals Board.

## 12.0  Investigation—General

[x] 12.1 State the name, **ADDRESS,** and telephone number of each individual:

(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**

(b)  who made any statement at the scene of the **INCIDENT;**

(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and

(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

[x] 12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:

(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;

(b)  the date of the interview; and

(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

[x] 12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:

(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;

(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;

(c)  the date the statement was obtained; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

**FORM INTERROGATORIES—GENERAL**

DISC-001

**[x] 12.4 Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

**[x] 12.5 Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

**[x] 12.6 Was a report made by any PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

**[x] 12.7 Have YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

**13.0 Investigation—Surveillance**

**[x] 13.1 Have YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

**[x] 13.2 Has a written report been prepared on the** surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

**[x] 14.1 Do YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

**[x] 14.2 Was any PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

**[ ] 15.1 Identify each denial of a material allegation and each** special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0 Defendant's Contentions—Personal Injury**

**[ ] 16.1 Do you contend that any PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**[ ] 16.2 Do you contend that plaintiff was not injured in the INCIDENT?** If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

**16.3** Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.4** Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.5** Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.6** Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.7** Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.8** Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item; state all facts upon which you base your contention;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.9** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT;**

(b) the date each claim arose;

(c) the nature of each claim; and

(d) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.10** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so,for each plaintiff state:

(a) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**

(b) a description of each **DOCUMENT**; and

(c) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

**17.1** Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;

(b) state all facts upon which you base your response;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

**20.1** State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

**20.2** For each vehicle involved in the **INCIDENT,** state:

(a) the year, make, model, and license number;

(b) the name, ADDRESS, and telephone number of  the driver;

**DISC-001**

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:

(a) your location when you first saw it;

(b) the color;

(c) the number of seconds it had been that color; and

(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:

(a) just before the **INCIDENT;**

(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT**.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:

(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**

(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;

(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**

(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**

(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;

(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT**.

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 46th Floor, Los Angeles, California 90017.  On May 26, 2021, I served the foregoing document(s) described as:

### FORM INTERROGATORIES – GENERAL (SET ONE)

on interested parties in this action as follows:

| | |
|---|---|
| Young K. Park, Esq.<br>Brent P. Marlis, Esq.<br>Emily J. Tripodi, Esq.<br>Marlis Park, P.C.<br>3600 Wilshire Blvd., Suite 1815<br>Los Angeles, CA 90010 | Counsel for Plaintiff, Luz Guzman<br><br>Tel. (323) 922-2000 \| Fax (323) 922-2000<br><br>young@marlispark.com<br>brent@marlispark.com<br>emily@marlispark.com |

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address crystal.hill@limnexus.com to the persons at the e-mail address(es) listed in the Service List. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated:  May 26, 2021

_____

Crystal Hill

Exhibit 5

MARLIS PARK, P.C.
Young K. Park SB# 287589
 E-Mail: young@marlispark.com
Brent P. Marlis SB# 284654
 E-Mail: brent@marlispark.com
Emily J. Tripodi SB# 334054
 E-Mail: emily@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
LUZ GUZMAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LUZ GUZMAN, an individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 50,<br><br>    Defendants. | Case No.: CIVSB2108753<br><br>**PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE**<br><br>Judge:   Hon. Janet M. Frangie<br>Dept:     S29<br>Action Filed:  March 18, 2021<br>Trial Date:  Not Set |

**PROPOUNDING PARTY**:  Defendant WAL-MART ASSOCIATES, INC. and WALMART, INC.

**RESPONDING PARTY**:    Plaintiff LUZ GUZMAN

**SET NO.**:                    ONE

Plaintiff Luz Guzman ("Plaintiff" or "Responding Party") hereby responds to the Form Interrogatories – General, Set One of Defendant Wal-Mart Associates, Inc. and Walmart, Inc. ("Defendant," "WM," or "Propounding Party") as follows:

- 1 -

## **PRELIMINARY STATEMENT**

Each of the following responses is made solely for the purpose of this action. Each response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or nay part thereof, to any interrogatory which were asked of, or any statement or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be asserted at the time of trial. The responses are based upon information presently available to Responding Party. The fact that Responding Party has responded to or objected to any Interrogatory should not be taken as an admission that the Interrogatory or response thereto constitutes admissible evidence. The mere fact that Responding Party has responded to part of, or all of, any Interrogatory is not intended to be, and shall not constitute a waiver by Responding Party of any objections to the Interrogatory.

Responding Party has not completed its investigation and discovery of the matters at issue in this action and the responses are based upon its knowledge, information and believe as of this date. Responding Party reserves the right to make further responses if it appears that any omission or error has been made in connection with these responses or in the event future or more accurate information is available. The responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## **GENERAL OBJECTIONS**

Responding Party objects to the Interrogatories to the extent they request any information Protected by privilege, including the attorney-client privilege and attorney work product doctrine. In particular, without waiving the generality of this objection, writings transmitted by or between Responding Party (or its principals or agents) and his counsel or prepared and/or maintained internally by counsel, or prepared and/or maintained by Responding Party in contemplation or in connection with litigation, will not be referred to in these responses.

## **RESPONSES TO FORM INTERROGATORIES – GENERAL, SET ONE**

**Form Interrogatory No. 1.1**:

State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories

**Response to Form Interrogatory No. 1.1**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Young K. Park, 3600 Wilshire Boulevard, Suite 1815, Los Angeles, CA 90010, 323-922-2000, Responding Party's attorney of record; Emily J. Tripodi, 3600 Wilshire Boulevard, Suite 1815, Los Angeles, CA 90010, 323-922-2000, Responding Party's attorney of record; Plaintiff Luz Guzman, who may be contacted through counsel.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 2.1**:

State:

(a)     your name;

(b)     every name you have used in the past; and

(c)     the dates you used each name.

**Response to Form Interrogatory No. 2.1**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client

- 3 -

1   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

2   information that violates the constitutional right to privacy of Responding Party and/or others.

3         Subject to and without waiving the foregoing objections, Responding Party responds as

4   follows:

5         (a) Luz Guzman;

6         (b) Luz Guzman;

7         (c) ███████████ –present.

8         Discovery is ongoing. Responding Party reserves the right to supplement or amend this

9   response.

10  **Form Interrogatory No. 2.2**:

11        State the date and place of your birth

12  **Response to Form Interrogatory No. 2.2**:

13        Responding Party objects to this interrogatory on the following grounds that it is vague and

14  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

15  discovery of admissible evidence; it seeks information that is protected by the attorney-client

16  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

17  information that violates the constitutional right to privacy of Responding Party and/or others.

18        Subject to and without waiving the foregoing objections, Responding Party responds as

19  follows: ███████████ ; ███████████ .

20        Discovery is ongoing. Responding Party reserves the right to supplement or amend this

21  response.

22  **Form Interrogatory No. 2.5**:

23        State:

24        (a)    your present residence ADDRESS;

25        (b)    your residence ADDRESSES for the past five years; and

26        (c)    the dates you lived at each ADDRESS.

27

28

1   **Response to Form Interrogatory No. 2.5**:

2        Responding Party objects to this interrogatory on the following grounds that it is vague and

3   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

4   discovery of admissible evidence; it seeks information that is protected by the attorney-client

5   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

6   information that violates the constitutional right to privacy of Responding Party and/or others.

7        Subject to and without waiving the foregoing objections, Responding Party responds as

8   follows:

9        (a) ███████████████, Pomona, CA ████████████.

10       Discovery is ongoing. Responding Party reserves the right to supplement or amend this

11  response.

12  **Form Interrogatory No. 2.6**:

13       State:

14       (a)     the name, ADDRESS, and telephone number of your present employer or place of

15       self-employment; and

16       (b)     the name, ADDRESS, dates of employment, job title, and nature of work for each

17       employer or self-employment you have had from five years before the INCIDENT until

18       today.

19  **Response to Form Interrogatory No. 2.6**:

20       Responding Party objects to this interrogatory on the following grounds that it is vague and

21  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

22  discovery of admissible evidence; it seeks information that is protected by the attorney-client

23  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

24  information that violates the constitutional right to privacy of Responding Party and/or others.

25       Subject to and without waiving the foregoing objections, Responding Party responds as

26  follows:

27       (a) Responding Party is not currently employed.

28

1    (b) Propounding Party; November 9, 1999–February 9, 2021; Cap 1 Supervisor; supervised

2  sales associates, unloaded trucks, worked the sales floor.

3    Discovery is ongoing. Responding Party reserves the right to supplement or amend this

4  response.

5  **Form Interrogatory No. 2.7**:

6    State:

7    (a)    the name and ADDRESS of each school or other academic or vocational institution

8           you have attended, beginning with high school;

9    (b)    the dates you attended;

10   (c)    the highest grade level you have completed; and

11   (d)    the degrees received.

12 **Response to Form Interrogatory No. 2.7**:

13   Responding Party objects to this interrogatory on the following grounds that it is vague and

14 ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

15 discovery of admissible evidence; it seeks information that is protected by the attorney-client

16 privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

17 information that violates the constitutional right to privacy of Responding Party and/or others.

18   Subject to and without waiving the foregoing objections, Responding Party responds as

19 follows:

20   (a) ███████████████████████████████████████████.

21   (b) 1991–1995.

22   (c) 12th.

23   (d) High school diploma.

24

25   (a) ███████████████████████████████████████████

26   (b) 1995–1996.

27   (c) One year.

28

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

1     (d) Not applicable.

2

3     (a) ██████████████████████████████████████████.

4     (b) 2021–present.

5     (c) Ongoing.

6     (d) Not applicable.

7

8     Discovery is ongoing. Responding Party reserves the right to supplement or amend this

9  response.

10  **Form Interrogatory No. 2.8**:

11     Have you ever been convicted of a felony? If so, for each conviction state:

12     (a)     the city and state where you were convicted;

13     (b)     the date of conviction;

14     (c)     the offense; and

15     (d)     the court and case number.

16  **Response to Form Interrogatory No. 2.8**:

17     Responding Party objects to this interrogatory on the following grounds that it is vague and

18  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

19  discovery of admissible evidence; it seeks information that is protected by the attorney-client

20  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

21  information that violates the constitutional right to privacy of Responding Party and/or others.

22     Subject to and without waiving the foregoing objections, Responding Party responds as

23  follows: No.

24     Discovery is ongoing. Responding Party reserves the right to supplement or amend this

25  response.

26  **Form Interrogatory No. 2.9**:

27     Can you speak English with ease? If not, what language and dialect do you normally use?

28

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

**Response to Form Interrogatory No. 2.9**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Yes.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 2.10**:

Can you read and write English with ease? If not, what language and dialect do you normally use?

**Response to Form Interrogatory No. 2.10**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Yes.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 2.11**:

At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:

(a)     the name, ADDRESS, and telephone number of that PERSON: and

1     (b)    a description of your duties.

2  **Response to Form Interrogatory No. 2.11**:

3     Responding Party objects to this interrogatory on the following grounds that it is vague and

4  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

5  discovery of admissible evidence; it seeks information that is protected by the attorney-client

6  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

7  information that violates the constitutional right to privacy of Responding Party and/or others.

8     Subject to and without waiving the foregoing objections, Responding Party responds as

9  follows: Yes.

10     (a) Propounding Party.

11     (b) Supervised sales associates, unloaded trucks, worked the sales floor.

12     Discovery is ongoing. Responding Party reserves the right to supplement or amend this

13  response.

14  **Form Interrogatory No. 2.12**:

15     At the time of the INCIDENT did you or any other person have any physical, emotional, or

16  mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so,

17  for each person state:

18     (a)    the name, ADDRESS, and telephone number;

19     (b)    the nature of the disability or condition; and

20     (c)    the manner in which the disability or condition contributed to the occurrence of

21     the INCIDENT.

22  **Response to Form Interrogatory No. 2.12**:

23     Responding Party objects to this interrogatory on the following grounds that it is vague and

24  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

25  discovery of admissible evidence; it seeks information that is protected by the attorney-client

26  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

27  information that violates the constitutional right to privacy of Responding Party and/or others.

28

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

1   Subject to and without waiving the foregoing objections, Responding Party responds as

2   follows: Not to Responding Party's current knowledge and information.

3   Discovery is ongoing. Responding Party reserves the right to supplement or amend this

4   response.

5   **Form Interrogatory No. 6.1**:

6   Do you attribute any physical, mental, or emotional injuries to the INCIDENT?

7   **Response to Form Interrogatory No. 6.1**:

8   Responding Party objects to this interrogatory on the following grounds that it is vague and

9   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

10   discovery of admissible evidence; it seeks information that is protected by the attorney-client

11   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

12   information that violates the constitutional right to privacy of Responding Party and/or others.

13   Subject to and without waiving the foregoing objections, Responding Party responds as

14   follows: Yes.

15   Discovery is ongoing. Responding Party reserves the right to supplement or amend this

16   response.

17   **Form Interrogatory No. 6.2**:

18   Identify each injury you attribute to the INCIDENT and the area of your body affected.

19   **Response to Form Interrogatory No. 6.2**:

20   Responding Party objects to this interrogatory on the following grounds that it is vague and

21   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

22   discovery of admissible evidence; it seeks information that is protected by the attorney-client

23   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

24   information that violates the constitutional right to privacy of Responding Party and/or others.

25   Subject to and without waiving the foregoing objections, Responding Party responds as

26   follows: Physical, mental, and/or emotional injuries include: depression, anxiety, generalized stress,

27   panic, insomnia.

28

- 10 -

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

1    Discovery is ongoing. Responding Party reserves the right to supplement or amend this

2    response.

3    **Form Interrogatory No. 6.3**:

4    Do you still have any complaints that you attribute to the INCIDENT? If so, for each

5    complaint state:

6    (a)    a description;

7    (b)    whether the complaint is subsiding, remaining the same, or becoming worse; and

8    (c)    the frequency and duration.

9    **Response to Form Interrogatory No. 6.3**:

10    Responding Party objects to this interrogatory on the following grounds that it is vague and

11    ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

12    discovery of admissible evidence; it seeks information that is protected by the attorney-client

13    privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

14    information that violates the constitutional right to privacy of Responding Party and/or others.

15    Subject to and without waiving the foregoing objections, Responding Party responds as

16    follows: Yes.

17    (a) Depression, anxiety, generalized stress, panic, insomnia.

18    (b) Remaining the same.

19    (c) Daily.

20    Discovery is ongoing. Responding Party reserves the right to supplement or amend this

21    response.

22    **Form Interrogatory No. 6.4**:

23    Did you receive any consultation or examination (except from expert witnesses covered by

24    Code of Civil Procedure sections 2034.210- 2034.310) or treatment from a HEALTH CARE

25    PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE

26    PROVIDER state:

27    (a)    the name, ADDRESS, and telephone number,

28

- 11 -

1      (b)     the type of consultation, examination, or treatment provided;

2      (c)     the dates you received consultation, examination, or treatment; and

3      (d)     the charges to date.

4  **Response to Form Interrogatory No. 6.4**:

5      Responding Party objects to this interrogatory on the following grounds that it is vague and

6  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

7  discovery of admissible evidence; it seeks information that is protected by the attorney-client

8  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

9  information that violates the constitutional right to privacy of Responding Party and/or others.

10      Subject to and without waiving the foregoing objections, Responding Party responds as

11  follows: Not at this time.

12      Discovery is ongoing. Responding Party reserves the right to supplement or amend this

13  response.

14  **Form Interrogatory No. 6.5**:

15      Have you taken any medication, prescribed or not, as a result of injuries that you attribute to

16  the INCIDENT? If so, for each medication state:

17      (a)     the name;

18      (b)     the PERSON who prescribed or furnished it;

19      (c)     the date it was prescribed or furnished;

20      (d)     the dates you began and stopped taking it; and

21      (e)     the cost to date

22  **Response to Form Interrogatory No. 6.5**:

23      Responding Party objects to this interrogatory on the following grounds that it is vague and

24  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

25  discovery of admissible evidence; it seeks information that is protected by the attorney-client

26  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

27  information that violates the constitutional right to privacy of Responding Party and/or others.

28

1  Subject to and without waiving the foregoing objections, Responding Party responds as
2  follows: Not at this time.

3  Discovery is ongoing. Responding Party reserves the right to supplement or amend this
4  response.

5  **Form Interrogatory No. 6.6**:

6  Are there any other medical services necessitated by the injuries that you attribute to the
7  INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for
8  each service state:

9  (a)  the nature;

10  (b)  the date;

11  (c)  the cost; and

12  (d)  the name, ADDRESS, and telephone number of each provider.

13  **Response to Form Interrogatory No. 6.6**:

14  Responding Party objects to this interrogatory on the following grounds that it is vague and
15  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the
16  discovery of admissible evidence; it seeks information that is protected by the attorney-client
17  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks
18  information that violates the constitutional right to privacy of Responding Party and/or others.

19  Subject to and without waiving the foregoing objections, Responding Party responds as
20  follows: Not to Responding Party's present knowledge and information.

21  Discovery is ongoing. Responding Party reserves the right to supplement or amend this
22  response.

23  **Form Interrogatory No. 6.7**:

24  Has any HEALTH CARE PROVIDER advised that you may require future or additional
25  treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:

26  (a)  the name and ADDRESS of each HEALTH CARE PROVIDER;

27  (b)  the complaints for which the treatment was advised; and

28

- 13 -

1  (c)      the nature, duration, and estimated cost of the treatment.

2  **Response to Form Interrogatory No. 6.7**:

3  Responding Party objects to this interrogatory on the following grounds that it is vague and

4  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

5  discovery of admissible evidence; it seeks information that is protected by the attorney-client

6  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

7  information that violates the constitutional right to privacy of Responding Party and/or others.

8  Subject to and without waiving the foregoing objections, Responding Party responds as

9  follows: Not at this time.

10  Discovery is ongoing. Responding Party reserves the right to supplement or amend this

11  response.

12  **Form Interrogatory No. 8.1**:

13  Do you attribute any loss of income or earning capacity to the INCIDENT?

14  **Response to Form Interrogatory No. 8.1**:

15  Responding Party objects to this interrogatory on the following grounds that it is vague and

16  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

17  discovery of admissible evidence; it seeks information that is protected by the attorney-client

18  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

19  information that violates the constitutional right to privacy of Responding Party and/or others.

20  Subject to and without waiving the foregoing objections, Responding Party responds as

21  follows: Yes.

22  Discovery is ongoing. Responding Party reserves the right to supplement or amend this

23  response.

24  **Form Interrogatory No. 8.2**:

25  State:

26  (a)      the nature of your work;

27  (b)      your job title at the time of the INCIDENT; and

28

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

(c)     the date your employment began.

**Response to Form Interrogatory No. 8.2**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

(a)  Supervised sales associates, unloaded trucks, worked the sales floor.

(b)  Cap 1 Supervisor.

(c)  November 9, 1999.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 8.3**:

State the last date before the INCIDENT that you worked for compensation.

**Response to Form Interrogatory No. 8.3**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: On or around December 2018.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

1   **Form Interrogatory No. 8.4**:

2       State your monthly income at the time of the INCIDENT and how the amount was

3   calculated.

4   **Response to Form Interrogatory No. 8.4**:

5       Responding Party objects to this interrogatory on the following grounds that it is vague and

6   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

7   discovery of admissible evidence; it seeks information that is protected by the attorney-client

8   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

9   information that violates the constitutional right to privacy of Responding Party and/or others.

10      Subject to and without waiving the foregoing objections, Responding Party responds as

11  follows: $3572.40. Responding Party made $20.61 per hour and worked forty hours per week. This

12  amounts to $3572.40 per month.

13      Discovery is ongoing. Responding Party reserves the right to supplement or amend this

14  response.

15  **Form Interrogatory No. 8.5**:

16      State the date you returned to work at each place of employment following the INCIDENT.

17  **Response to Form Interrogatory No. 8.5**

18      Responding Party objects to this interrogatory on the following grounds that it is vague and

19  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

20  discovery of admissible evidence; it seeks information that is protected by the attorney-client

21  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

22  information that violates the constitutional right to privacy of Responding Party and/or others.

23      Subject to and without waiving the foregoing objections, Responding Party responds as

24  follows: Responding Party has not returned to work.

25      Discovery is ongoing. Responding Party reserves the right to supplement or amend this

26  response.

27

28

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

1   **Form Interrogatory No. 8.6**:

2       State the dates you did not work and for which you lost income as a result of the

3   INCIDENT.

4   **Response to Form Interrogatory No. 8.6**:

5       Responding Party objects to this interrogatory on the following grounds that it is vague and

6   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

7   discovery of admissible evidence; it seeks information that is protected by the attorney-client

8   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

9   information that violates the constitutional right to privacy of Responding Party and/or others.

10      Subject to and without waiving the foregoing objections, Responding Party responds as

11   follows: February 9, 2021–present.

12      Discovery is ongoing. Responding Party reserves the right to supplement or amend this

13   response.

14   **Form Interrogatory No. 8.7**:

15      State the total income you have lost to date as a result of the INCIDENT and how the

16   amount was calculated.

17   **Response to Form Interrogatory No. 8.7**:

18      Responding Party objects to this interrogatory on the following grounds that it is vague and

19   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

20   discovery of admissible evidence; it seeks information that is protected by the attorney-client

21   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

22   information that violates the constitutional right to privacy of Responding Party and/or others.

23      Subject to and without waiving the foregoing objections, Responding Party responds as

24   follows: $16,488.00. Responding Party made $20.61 per hour and worked forty hours per week.

25   Responding Party has been unemployed for 20 weeks, since February 9, 2021.

26      Discovery is ongoing. Responding Party reserves the right to supplement or amend this

27   response.

28

**Form Interrogatory No. 8.8**:

Will you lose income in the future as a result of the INCIDENT? If so, state:

    (a)    the facts upon which you base this contention;

    (b)    an estimate of the amount;

    (c)    an estimate of how long you will be unable to work; and

    (d)    how the claim for future income is calculated.

**Response to Form Interrogatory No. 8.8**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Yes.

(a) In light of the ongoing pandemic and Responding Party's medical condition, Responding Party will continue to lose income for the foreseeable future.

(b) $85,737.60.

(c) At least two years of income.

(d) Responding Party earned $20.61 per hour, which amounts to a yearly income of $42,868.80.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 9.1**:

Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:

    (a)    the nature;

    (b)    the date it occurred;

1     (c)     the amount; and

2     (d)     the name, ADDRESS, and telephone number of each PERSON to whom an

3 obligation was incurred.

4 **Response to Form Interrogatory No. 9.1**:

5     Responding Party objects to this interrogatory on the following grounds that it is vague and

6 ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

7 discovery of admissible evidence; it seeks information that is protected by the attorney-client

8 privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

9 information that violates the constitutional right to privacy of Responding Party and/or others.

10     Subject to and without waiving the foregoing objections, Responding Party responds as

11 follows: Unknown at this time.

12     Discovery is ongoing. Responding Party reserves the right to supplement or amend this

13 response.

14 **Form Interrogatory No. 9.2**:

15     Do any DOCUMENTS support the existence or amount of any item of damages claimed in

16 interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone

17 number of the PERSON who has each DOCUMENT.

18 **Response to Form Interrogatory No. 9.2**:

19     Responding Party objects to this interrogatory on the following grounds that it is vague and

20 ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

21 discovery of admissible evidence; it seeks information that is protected by the attorney-client

22 privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

23 information that violates the constitutional right to privacy of Responding Party and/or others.

24     Subject to and without waiving the foregoing objections, Responding Party responds as

25 follows: Unknown at this time.

26     Discovery is ongoing. Responding Party reserves the right to supplement or amend this

27 response.

28

- 19 -

**Form Interrogatory No. 11.1**:

Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

    (a)    the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;

    (b)    the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made, or the action filed;

    (c)    the court, names of the parties, and case number of any action filed;

    (d)    the name, ADDRESS, and telephone number ·of any attorney representing you;

    (e)    whether the claim or action has been resolved or is pending; and

    (f)    a description of the injury.

**Response to Form Interrogatory No. 11.1**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: No.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 11.2**:

In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

    (a)    the date, time, and place of the INCIDENT giving rise to the claim;

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

(b)     the name, ADDRESS, and telephone number of your employer at the time of the injury;

(c)     the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;

(d)     the period of time during which you received workers' compensation benefits;

(e)     a description of the injury;

(f)     the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and

(g)     the case number at the Workers' Compensation Appeals Board.

**Response to Form Interrogatory No. 11.2**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: No.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 12.1**:

State the name, ADDRESS, and telephone number of each individual:

(a)     who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;

(b)     who made any statement at the scene of the INCIDENT;

(c)     who heard any statements made about the INCIDENT by any individual at the scene; and

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

1      (d)    who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of

2  the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section

3  2034).

4  **Response to Form Interrogatory No. 12.1**:

5      Responding Party objects to this interrogatory on the following grounds that it is vague and

6  ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

7  discovery of admissible evidence; it seeks information that is protected by the attorney-client

8  privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

9  information that violates the constitutional right to privacy of Responding Party and/or others.

10      Subject to and without waiving the foregoing objections, Responding Party responds as

11  follows:

12      (a) Responding Party; Propounding Party; "Sara (employee of Propounding Party);"

13      "Robert (employee of Propounding Party);" "Maria (employee of Propounding Party);"

14      "Rocio (employee of Propounding Party);" "Brenda (employee of Propounding Party);"

15      "Sonia (employee of Propounding Party);" Kaitlyn Boyd (employee of Propounding

16      Party).

17      (b) Responding Party; Propounding Party; "Sara (employee of Propounding Party);"

18      "Robert (employee of Propounding Party);" "Maria (employee of Propounding Party);"

19      "Rocio (employee of Propounding Party);" "Brenda (employee of Propounding Party);"

20      "Sonia (employee of Propounding Party);" Kaitlyn Boyd (employee of Propounding

21      Party).

22      (c) Responding Party; Propounding Party; "Sara (employee of Propounding Party);"

23      "Robert (employee of Propounding Party);" "Maria (employee of Propounding Party);"

24      "Rocio (employee of Propounding Party);" "Brenda (employee of Propounding Party);"

25      "Sonia (employee of Propounding Party);" Kaitlyn Boyd (employee of Propounding

26      Party).

27

28

(d) Responding Party; Propounding Party; "Sara (employee of Propounding Party);"

"Robert (employee of Propounding Party);" "Maria (employee of Propounding Party);"

"Rocio (employee of Propounding Party);" "Brenda (employee of Propounding Party);"

"Sonia (employee of Propounding Party);" Kaitlyn Boyd (employee of Propounding

Party).

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 12.2**:

Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:

(a)    the name, ADDRESS, and telephone number of the individual interviewed;

(b)    the date of the interview; and

(c)    the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

**Response to Form Interrogatory No. 12.2**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Not to Responding Party's current knowledge and information.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 12.3**:

Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:

- 23 -

(a)      the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;

(b)      the name, ADDRESS, and telephone number of the individual who obtained the statement;

(c)      the date the statement was obtained; and

(d)      the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

**Response to Form Interrogatory No. 12.3**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Not to Responding Party's current knowledge and information.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 12.4**:

Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or plaintiff's injuries? If so, state:

(a)      the number of photographs or feet of film or videotape;

(b)      the places, objects, or persons photographed, filmed, or videotaped;

(c)      the date the photographs, films, or videotapes were taken;

(d)      the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes; and

1   (e)    the name, ADDRESS, and telephone number of each PERSON who has the original

2   or a copy of the photographs, films, or videotapes.

3   **Response to Form Interrogatory No. 12.4:**

4   Responding Party objects to this interrogatory on the following grounds that it is vague and

5   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

6   discovery of admissible evidence; it seeks information that is protected by the attorney-client

7   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

8   information that violates the constitutional right to privacy of Responding Party and/or others.

9   Subject to and without waiving the foregoing objections, Responding Party responds as

10   follows: Not to Responding Party's current knowledge and information.

11   Discovery is ongoing. Responding Party reserves the right to supplement or amend this

12   response.

13   **Form Interrogatory No. 12.5:**

14   Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram,

15   reproduction, or model of any place or thing (except for items developed by expert witnesses

16   covered by Code of Civil Procedure sections 2034.210- 2034.310) concerning the INCIDENT? If

17   so, for each item state:

18   (a)    the type (i.e., diagram, reproduction, or model);

19   (b)    the subject matter; and

20   (c)    the name, ADDRESS, and telephone number of each PERSON who has it.

21   **Response to Form Interrogatory No. 12.5:**

22   Responding Party objects to this interrogatory on the following grounds that it is vague and

23   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

24   discovery of admissible evidence; it seeks information that is protected by the attorney-client

25   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

26   information that violates the constitutional right to privacy of Responding Party and/or others.

27

28

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

1    Subject to and without waiving the foregoing objections, Responding Party responds as

2    follows: Not to Responding Party's current knowledge and information.

3    Discovery is ongoing. Responding Party reserves the right to supplement or amend this

4    response.

5    **Form Interrogatory No. 12.6**:

6    Was a report made by any PERSON concerning the INCIDENT? If so, state:

7    (a)    the name, title, identification number, and employer of the PERSON who made the

8    report;

9    (b)    the date and type of report made;

10   (c)    the name, ADDRESS, and telephone number of the PERSON for whom the report

11   was made; and

12   (d)    the name, ADDRESS, and telephone number of each PERSON who has the original

13   or a copy of the report.

14   **Response to Form Interrogatory No. 12.6**:

15   Responding Party objects to this interrogatory on the following grounds that it is vague and

16   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

17   discovery of admissible evidence; it seeks information that is protected by the attorney-client

18   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

19   information that violates the constitutional right to privacy of Responding Party and/or others.

20   Subject to and without waiving the foregoing objections, Responding Party responds as

21   follows: Not to Responding Party's current knowledge and information.

22   Discovery is ongoing. Responding Party reserves the right to supplement or amend this

23   response.

24   **Form Interrogatory No. 12.7**:

25   Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the

26   INCIDENT? If so, for each inspection state:

27

28

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

1    (a)    the name, ADDRESS, and telephone number of the individual making the inspection

2    (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-

3    2034.310); and

4    (b)    the date of the inspection.

5 **Response to Form Interrogatory No. 12.7**:

6    Responding Party objects to this interrogatory on the following grounds that it is vague and

7 ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

8 discovery of admissible evidence; it seeks information that is protected by the attorney-client

9 privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

10 information that violates the constitutional right to privacy of Responding Party and/or others.

11    Subject to and without waiving the foregoing objections, Responding Party responds as

12 follows: Not to Responding Party's current knowledge and information.

13    Discovery is ongoing. Responding Party reserves the right to supplement or amend this

14 response.

15 **Form Interrogatory No. 13.1**:

16    Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any

17 individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

18    (a)    the name, ADDRESS, and telephone number of the individual or party;

19    (b)    the time, date, and place of the surveillance;

20    (c)    the name, ADDRESS, and telephone number of the individual who conducted the

21    surveillance· and

22    (d)    the name, ADDRESS, and  telephone  number of  each PERSON who has the

23    original or a copy of any surveillance photograph, film, or videotape.

24 **Response to Form Interrogatory No. 13.1**:

25    Responding Party objects to this interrogatory on the following grounds that it is vague and

26 ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

27 discovery of admissible evidence; it seeks information that is protected by the attorney-client

28

1    privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

2    information that violates the constitutional right to privacy of Responding Party and/or others.

3          Subject to and without waiving the foregoing objections, Responding Party responds as

4    follows: Not to Responding Party's current knowledge and information.

5          Discovery is ongoing. Responding Party reserves the right to supplement or amend this

6    response.

7    **Form Interrogatory No. 13.2**:

8          Has a written report been prepared on the surveillance? If so, for each written report state:

9          (a)      the title;

10         (b)      the date;

11         (c)      the name, ADDRESS, and telephone number of the individual who prepared the

12         report; and

13         (d)      the name, ADDRESS, and telephone number of each PERSON who has the original

14         or a copy.

15   **Response to Form Interrogatory No. 13.2**

16         Responding Party objects to this interrogatory on the following grounds that it is vague and

17   ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the

18   discovery of admissible evidence; it seeks information that is protected by the attorney-client

19   privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks

20   information that violates the constitutional right to privacy of Responding Party and/or others.

21         Subject to and without waiving the foregoing objections, Responding Party responds as

22   follows: Not applicable.

23         Discovery is ongoing. Responding Party reserves the right to supplement or amend this

24   response.

25   **Form Interrogatory No. 14.1**:

26         Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON

27   involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was

28

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

**Response to Form Interrogatory No. 14.1**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Unknown at this time.

Discovery is ongoing. Responding Party reserves the right to supplement or amend this response.

**Form Interrogatory No. 14.2**:

Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:

(a)     the name, ADDRESS, and telephone number of the PERSON;

(b)     the statute, ordinance, or regulation allegedly violated;

(c)     whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered; and

(d)     the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

**Response to Form Interrogatory No. 14.2**:

Responding Party objects to this interrogatory on the following grounds that it is vague and ambiguous; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is protected by the attorney-client privilege and work-product privileges; it is overbroad, unduly burdensome, and harassing; it seeks information that violates the constitutional right to privacy of Responding Party and/or others.

1    Subject to and without waiving the foregoing objections, Responding Party responds as

2    follows: Not to Responding Party's current knowledge and information.

3    Discovery is ongoing. Responding Party reserves the right to supplement or amend this

4    response.

5

6    DATED: June 22, 2021                    MARLIS PARK, P.C.

7

8                                   By:   _____

9                                         Young K. Park
                                          Brent P. Marlis
10                                        Emily J. Tripodi
                                          Attorneys for Plaintiff,
11                                        LUZ GUZMAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND
WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE

<u>VERIFICATION</u>

STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

I, Luz Guzman, have read the foregoing

**PLAINTIFF GUZMAN'S RESPONSE TO DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART, INC.'S FORM INTERROGATORIES – GENERAL LAW (SET ONE)**

**PLAINTIFF GUZMAN'S RESPONSE TO DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) AND DOCUMENTS PRODUCED THEREWITH**

The matters stated in the foregoing documents are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____6/24/2021_____, at Pomona, CA.

_____
Luz Guzman

Name

_____
Luz Guzman

- 1 -
VERIFICATION

1

2

**PROOF OF SERVICE**
**LUZ GUZMAN v. WAL-MART ASSOCIATES, INC., ET AL.**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3600 Wilshire Blvd., Suite 1815, Los Angeles, CA 90010.

On June 28, 2021 I served the foregoing document described as:

5

6

7

8

**PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND WALMART, INC.'S FORM INTERROGATORIES – GENERAL, SET ONE**
**PLAINTIFF LUZ GUZMAN'S RESPONSE TO DEFENDANT WAL-MART ASSOCIATES, INC. AND WALMART, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**
**PLAINTIFF LUZ GUZMAN'S VERIFICATION PAGE**

9

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail in the State of California addressed as set forth below:

10

[ ] by placing a true copy thereof enclosed in a sealed envelope addressed as stated on the attached mailing list.

11

12

13

[X ] by electronically serving the document(s) listed above to:
     Kenneth.Jones@LimNexus.com
     Jane.Kespradit@LimNexus.com
     Bethany.Peak@LimNexus.com

14

[ ] by having copies **personally delivered to the designed party(ies)**

15

16

17

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

[x] (State) I declare under penalty of perjury the laws of the State of California that the foregoing is true and correct.

19

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

20

Executed on June 28, 2021 at Los Angeles, California.

21

22

_Karen Arellano_
Karen Arellano

23

24

25

26

1.   Kenneth M. Jones, Esq.
    Jane N. Kespradit, Esq.
    Bethany J. Peak, Esq.
    LIMNEXUS LLP
    707 Wilshire Boulevard
    46th Floor
    Los Angeles, CA 90017

MAILING LIST
Attorneys for Wal-Mart Associates, Inc. and Walmart Inc.

27

28

# Exhibit 6

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, DC 20549**

_____

# FORM 8-K

**CURRENT REPORT**
**PURSUANT TO SECTION 13 or 15(d) OF THE**
**SECURITIES EXCHANGE ACT OF 1934**

Date of Report (date of earliest event reported)
June 4, 2021 (June 2, 2021)

# Walmart Inc.

**(Exact name of registrant as specified in its charter)**

| DE | 001-06991 | 71-0415188 |
|---|---|---|
| **(State or other jurisdiction of incorporation or organization)** | **(Commission File Number)** | **(I.R.S. Employer Identification No.)** |

702 S.W. 8th Street
Bentonville, AR 72716-0215
**(Address of Principal Executive Offices) (Zip code)**

Registrant's telephone number, including area code
(479) 273-4000

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐   Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐   Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐   Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐   Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock, par value $0.10 per share | WMT | NYSE |
| 1.900% Notes Due 2022 | WMT22 | NYSE |
| 2.550% Notes Due 2026 | WMT26 | NYSE |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

**Item 5.07. Submission of Matters to a Vote of Security Holders**

On June 2, 2021, Walmart Inc. (the "Company") held its Annual Shareholders' Meeting (the "Meeting"). As of the close of business on April 9, 2021, the record date for the Meeting, there were 2,813,481,605 shares of the Company's common stock outstanding, with each share entitled to one vote. The holders of 2,542,345,108 shares of the Company's common stock were present in person or represented by proxy during the Meeting. During the Meeting, the Company's shareholders voted on the matters set forth below.

**Election of Directors**

The Company's shareholders elected for one-year terms all twelve persons nominated for election as directors as set forth in the Company's proxy statement dated April 22, 2021. The following table sets forth the vote of the shareholders at the meeting with respect to the election of directors:

| Nominee | For | Against | Abstain | Broker Non-Votes |
|---|---|---|---|---|
| Cesar Conde | 2,303,173,843 | 12,104,071 | 1,901,669 | 225,165,525 |
| Timothy P. Flynn | 2,300,727,687 | 14,537,757 | 1,914,139 | 225,165,525 |
| Sarah J. Friar | 2,256,500,022 | 58,963,087 | 1,716,474 | 225,165,525 |
| Carla A. Harris | 2,283,181,585 | 32,269,573 | 1,728,425 | 225,165,525 |
| Thomas W. Horton | 2,283,935,224 | 31,200,582 | 2,043,777 | 225,165,525 |
| Marissa A. Mayer | 2,295,316,308 | 20,086,876 | 1,776,399 | 225,165,525 |
| C. Douglas McMillon | 2,304,852,555 | 10,458,896 | 1,868,132 | 225,165,525 |
| Gregory B. Penner | 2,274,729,588 | 40,524,303 | 1,925,692 | 225,165,525 |
| Steven S Reinemund | 2,265,568,690 | 49,507,505 | 2,103,388 | 225,165,525 |
| Randall L. Stephenson | 2,291,903,866 | 23,320,217 | 1,955,500 | 225,165,525 |
| S. Robson Walton | 2,296,661,946 | 18,825,889 | 1,691,748 | 225,165,525 |
| Steuart L. Walton | 2,302,679,120 | 12,742,289 | 1,758,174 | 225,165,525 |

**Company Proposals**

*Advisory Vote on Executive Compensation.* The Company's shareholders voted upon and approved, by nonbinding, advisory vote, the compensation of the Company's named executive officers, as described in the Company's proxy statement dated April 22, 2021. The votes on this proposal were as follows:

| For | Against | Abstain | Broker Non-Votes |
|---|---|---|---|
| 2,200,696,825 | 112,339,088 | 4,143,670 | 225,165,525 |

*Ratification of Independent Accountants.* The Company's shareholders voted upon and approved the ratification of the appointment of Ernst & Young LLP to serve as the Company's independent registered accountants for the fiscal year ending January 31, 2022. The votes on this proposal were as follows:

| For | Against | Abstain |
|---|---|---|
| 2,502,748,328 | 37,231,141 | 2,365,639 |

There were no broker non-votes with respect to this proposal.

**Shareholder Proposals**

The Company's shareholders voted upon and rejected a shareholder proposal requesting a report on refrigerants released from Company operations. The votes on this proposal were as follows:

| For | Against | Abstain | Broker Non-Votes |
|---|---|---|---|
| 127,596,140 | 2,181,045,148 | 8,538,295 | 225,165,525 |

Next, the Company's shareholders voted upon and rejected a shareholder proposal requesting a report on lobbying disclosures. The votes on this proposal were as follows:

| For | Against | Abstain | Broker Non-Votes |
|---|---|---|---|
| 512,097,393 | 1,795,639,120 | 9,443,070 | 225,165,525 |

Then, the Company's shareholders voted upon and rejected a shareholder proposal requesting a report on whether and how the Company's racial justice goals align with the starting pay for all classifications of Company associates. The votes on this proposal were as follows:

| For | Against | Abstain | Broker Non-Votes |
|---|---|---|---|
| 288,637,154 | 1,978,808,006 | 49,734,423 | 225,165,525 |

The Company's shareholders next voted upon and rejected a shareholder proposal requesting to create a pandemic workforce advisory council. The votes on this proposal were as follows:

| For | Against | Abstain | Broker Non-Votes |
|---|---|---|---|
| 261,281,157 | 2,004,631,319 | 51,267,107 | 225,165,525 |

Finally, the Company's shareholders voted upon and rejected a shareholder proposal requesting a report based on a review of the Business Roundtable's Statement on the Purpose of a Corporation and the Company's governance and management systems. The votes on this proposal were as follows:

| For | Against | Abstain | Broker Non-Votes |
|---|---|---|---|
| 53,666,255 | 2,254,666,030 | 8,847,298 | 225,165,525 |

2

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Dated: June 4, 2021

WALMART INC.

By: /s/Gordon Y. Allison

Name: Gordon Y. Allison

Title: Senior Vice President, Office of the Corporate Secretary, General Counsel for Finance and Governance

3

Exhibit 7

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, DC 20549**

———————————————

# FORM 8-K

### CURRENT REPORT
### PURSUANT TO SECTION 13 or 15(d) OF THE
### SECURITIES EXCHANGE ACT OF 1934

Date of Report (date of earliest event reported)
February 18, 2021 (February 16, 2021)

# Walmart Inc.

**(Exact name of registrant as specified in its charter)**

| DE | 001-06991 | 71-0415188 |
|:---:|:---:|:---:|
| **(State or other jurisdiction of incorporation or organization)** | **(Commission File Number)** | **(I.R.S. Employer Identification No.)** |

702 S.W. 8th Street
Bentonville, AR 72716-0215
**(Address of Principal Executive Offices) (Zip code)**

Registrant's telephone number, including area code
(479) 273-4000

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐   Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐   Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐   Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐   Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|:---:|:---:|
| Common Stock, par value $0.10 per share | WMT | NYSE |
| 1.900% Notes Due 2022 | WMT22 | NYSE |
| 2.550% Notes Due 2026 | WMT26 | NYSE |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

**Item 7.01. Regulation FD Disclosure.**

On February 16, 2021, Walmart Inc. ("Walmart") completed the sale of the outstanding shares of Asda Group Limited ("Asda"), which was Walmart's retail business in the United Kingdom. Walmart recognized a non-cash loss of approximately $5.7 billion, after tax, in the fourth quarter of the fiscal year ended January 31, 2021, when the business met the held for sale accounting criteria. The loss includes the loss on sale as well as the loss associated with the derecognition of the Asda pension plan. Walmart expects earnings per share dilution from the sale of approximately $0.20 in the fiscal year ending January 31, 2022, primarily reflecting the absence of net income associated with the Asda business, assuming we hold transaction proceeds in cash.

Walmart considers the foregoing statements regarding the estimated earnings per share dilution related to this transaction to be "forward-looking statements" within the meaning of the Private Securities Litigation Reform Act of 1995, as amended (the "Act"), that are intended to enjoy the protection of the safe harbor for forward-looking statements provided by the Act. These forward-looking statements are subject to certain risks, uncertainties and other factors.

In accordance with General Instruction B.2 of Form 8-K, the information in this Item 7.01 of this Current Report on Form 8-K shall not be deemed "filed" for purposes of Section 18 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), or otherwise be subject to the liabilities of Section 18 of the Exchange Act. The information in this Current Report on Form 8-K shall not be incorporated by reference into any filing or other document filed by the Company with the SEC pursuant to the Securities Act of 1933, as amended, the rules and regulations of the SEC thereunder, the Exchange Act, or the rules and regulations of the SEC thereunder except as shall be expressly set forth by specific reference in such filing or document.

<u>**SIGNATURES**</u>

      Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

      Dated: February 18, 2021

<div align="right">

WALMART INC.

| | |
|---|---|
| By: | /s/ Gordon Y. Allison |
| Name: | Gordon Y. Allison |
| Title: | Senior Vice President, Chief Counsel Finance and Governance, Office of the Corporate Secretary |

</div>